917 F.2d 738
 Daniel A. JEWELL, Plaintiff-Appellant,
v.
COUNTY OF NASSAU, City of Glen Cove, Edward W. McCarthy,
III, individually and as former Assistant District Attorney
of Nassau County, "John Doe", the Person Who Now Holds
McCarthy's Former Position, in his Official Capacity, Samuel
Rozzi, individually and as Commissioner of Nassau County
Police, Maurice O'Brien, individually and as Former Chief Of
Glen Cove Police, in his Official Capacity, Vincent
Donnelly, individually and as Nassau County Detective, J.
Nolan, individually and as Nassau County Detective, Joan
Hanna, individually and as Nassau County Detective, J.
Granelle, individually and as Nassau County Detective,
Charles Fraas, individually and as Nassau County Detective,
J. Buckley, individually and as Nassau County Detective, K.
Klemm, individually and as Nassau County Detective, E.
Harsch, individually and as Nassau County Detective,
Ketchum, individually and as Nassau County Police Inspector,
W. Sayers, individually and as Nassau County Police Officer,
Lawrence Giles, individually and as Glen Cove Police
Detective, McQuade, individually and as Glen Cove Police
Officer, Fitzpatrick, individually and as Glen Cove Police
Officer, "Michael Moe", et al., individually and as Glen
Cove Police Personnel, "Herman Hoe", et al., individually
and as Nassau County Police Personnel, Defendants-Appellees.
 No. 211, Docket 89-2185.
 United States Court of Appeals,
Second Circuit.
 Submitted Oct. 3, 1990.
Decided Oct. 30, 1990.
 
 Daniel A. Jewell, pro se and in forma pauperis.
 Purcell, Fritz & Ingrao, P.C., Commack, N.Y., for defendant-appellee City of Glen Cove.
 Before CARDAMONE and MINER, Circuit Judges, and POLLACK, Senior District Judge.*
 PER CURIAM:
 
 
 1
 On September 30, 1986, Jewell initiated a complaint under 42 U.S.C. Sec. 1983 in the Eastern District of New York for monetary damages, claiming that on September 30, 1983, he was unlawfully arrested and questioned, his home was illegally searched, and as a result of these actions, he was improperly convicted of manslaughter. Jewell alleged that various Nassau County and City of Glen Cove law enforcement personnel thus deprived him of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. The suit was filed one day before the expiration of the statute of limitations borrowed from N.Y.Civ.Prac.L. & R. 214(2) (McKinney 1990), as appropriate for Sec. 1983 actions.
 
 
 2
 On October 23, 1986, the complaint was referred to a magistrate for all pretrial purposes. The magistrate stayed further proceedings pending state court appeals of Jewell's conviction. Pursuant to the district court's oral direction, the magistrate vacated the stay in an order dated October 13, 1988 following affirmance of Jewell's conviction. On December 16, 1988, the magistrate issued a report and recommendation that the Sec. 1983 complaint be dismissed without prejudice to reopen the case following exhaustion of Jewell's state remedies. The magistrate noted that (1) three motions collaterally attacking the conviction were pending in state courts; (2) Jewell could not withdraw and later reassert the Sec. 1983 claim as the three year statute of limitations had run; (3) Jewell's claims for monetary damages were based upon acts which, if established, would warrant habeas corpus relief; (4) the Sec. 1983 action should be simultaneously prosecuted with a future federal habeas corpus action. The magistrate believed that dismissal without prejudice, rather than voluntary withdrawal, would preserve Jewell's rights by tolling the statute of limitations, allow him to exhaust his state law remedies, and clear the case from the court's civil trial calendar.
 
 
 3
 Jewell objected to a dismissal on the ground that dismissal was not legally permissible and that the district court should stay the proceedings because New York law did not provide for a tolling of the statute of limitations. Jewell's complaint asserted that he did not intend to challenge the validity of his conviction by this damage suit. On March 30, 1989, the district court nonetheless overruled Jewell's objections and adopted the magistrate's recommendation. The court ordered the case dismissed without prejudice to reopen within sixty days of exhaustion of state remedies.
 
 
 4
 The district court relied on Howard v. Koch, 575 F.Supp. 1299 (E.D.N.Y.1982), a Sec. 1983 action in which the court dismissed without prejudice and declared a toll on the statute of limitations purportedly under the authority of Meyer v. Frank, 550 F.2d 726, 729 (2d Cir.), cert. denied, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977) (a federal court has the power "to toll statutes of limitations borrowed from state law in appropriate circumstances.").
 
 
 5
 This Court has held that New York's three year statute of limitations under N.Y.Civ.Prac.L. & R. 214(2) (McKinney 1990) governs Sec. 1983 actions brought in federal district court in New York. Romer v. Leary, 425 F.2d 186 (2d Cir.1970). In Sec. 1983 actions filed in New York, "federal courts [are] obligated not only to apply the analogous New York statute of limitations to ... federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations." Board of Regents v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980).
 
 
 6
 N.Y.Civ.Prac.L. & R. 201 (McKinney 1990) sets forth the general rule:
 
 
 7
 An action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. No court shall extend the time limited by law for the commencement of an action.
 
 
 8
 Federal courts do have the power to toll statutes of limitations borrowed from state law, but only where application of the statute of limitations would frustrate the policy underlying the federal cause of action. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975); Meyer v. Frank, 550 F.2d at 729. Use of the New York statute of limitations in Sec. 1983 actions does not violate such policy.
 
 
 9
 New York has codified the circumstances under which limitations may be tolled, none of which are applicable to the present facts.[1] No applicable New York rule gives the district court the discretion to toll the statute of limitations upon Jewell's reinitiation of his suit. Where a plaintiff wishes or is required to pursue his claims in succession, rather than concurrently, in the absence of the parties' agreement made to waive the limitary period before it had expired, a judicial stay of the pending suit, rather than dismissal, albeit expressed to be without prejudice, is the only means by which the bar of limitations may be avoided. Board of Regents v. Tomanio, 446 U.S. at 486-87, 100 S.Ct. at 1796.
 
 
 10
 Jewell's Sec. 1983 action was brought timely. Contrary to the district court's intentions, a dismissal of the action to permit exhaustion of Jewell's state remedies would work a time-bar to reassertion of the Sec. 1983 claim. While the district court has wide latitude in controlling its calendar, a judge "must take care to 'strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard' ". Merker v. Rice, 649 F.2d 171, 174 (2d Cir.1981) (quoting Beary v. City of Rye, 601 F.2d 62, 63 (2d Cir.1979)).
 
 
 11
 Accordingly, the order of dismissal is vacated and the case is remanded to the district court for proceedings consistent with the foregoing.
 
 
 12
 SO ORDERED.
 
 
 
 *
 Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 See e.g., N.Y.Civ.Prac.L. & R. 204(a) (tolling where action stayed by court order or by statute); N.Y.Civ.Prac.L. & R. 207 (where defendant is outside New York when a claim accrues against him, the statute of limitations does not start until he returns to the state); N.Y.Civ.Prac.L. & R. 208 (toll for infancy and insanity). Under the principles of equity, a court may estop defendant's assertion of the statute of limitations due to defendant's misconduct in delaying a legitimate course of action past the bar date