Chester **SZAREJKO**, Plaintiff,

v.

**GREAT NECK SCHOOL DISTRICT,
Great Neck Board of Education
and Gil Blum, Defendants.**

No. 91 CV 3382.

United States District Court,
E.D. New York.

July 23, 1992.

Richard P. Caro, New York City, for plaintiff.

Ahmuty, Demers & McManus by Catherine Squillace, Albertson, N.Y., for defendants.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Plaintiff in the above-captioned action seeks redress under 42 U.S.C. §§ 1983 and 2000e ("Title VII") for, respectively, deprivations of the rights secured to him by federal law and the Constitution, and employment discrimination. The complaint in the instant action contains two claims for relief: one under section 1983, and one under Title VII. Defendants move to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b) on the following grounds: (1) plaintiff's 1983 action is barred by the applicable statute of limitations; (2) service of process was insufficient; and (3) plaintiff has failed to prosecute this action pursuant to Federal Rule of Civil Procedure 41(b).

For the reasons stated below, the Court dismisses plaintiff's section 1983 claim as to all defendants on the ground that it is barred by the applicable statute of limitations. The Court further dismisses plaintiff's Title VII claim as to defendants Great Neck School District (the "District") and Great Neck Board of Education (the "Board") on the ground that service of process was insufficient as to these defendants and not perfected within the 120 day time limitation set forth in Rule 4(j). However, the Court declines to dismiss plaintiff's Title VII claim as against defendant Gil Blum ("Blum").

## BACKGROUND

From 1980 to 1988, plaintiff was employed as a Social Studies teacher at South High School in Great Neck. In May of 1988, he received notice of a reassignment which allegedly resulted from a need to reduce the Social Studies staff at South High School. The complaint in this action arises out of that reassignment, which plaintiff claims was motivated by discrimination and in violation of his civil rights.

According to defendants, plaintiff was notified of the reassignment in May 1988 and again on September 1, 1988. On September 4, 1991, he filed the complaint in the above action. On September 11, 1991, he mailed a summons and complaint to each defendant by certified mail in an apparent attempt to serve them pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). The certified mail receipts reflect that plaintiff sent the summons and complaint to Blum's resi-

dence and to the Board's district office. Defendants did not return their acknowledgement forms. In their answer, defendants assert the affirmative defenses of insufficiency of service of process and statute of limitations. Plaintiff has made no attempt to cure service.

## DISCUSSION

### A. *Statute of Limitations*

Defendants assert that plaintiff's claim under section 1983 is barred by the applicable statute of limitations. When there is no specifically stated or otherwise relevant federal statute of limitations for a federal claim, the controlling statute of limitations is the most appropriate one provided by state law. *Bd. of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Paul v. Bd. of Trustees,* 654 F.2d 856, 861.(2d Cir.1981). The Second Circuit has held that the appropriate statute of limitations for 1983 actions brought in New York is N.Y.Civ.Prac.L. & R. § 214(5) (McKinney Supp.1986). *See Okure v. Owens,* 816 F.2d 45, 47 (2d Cir. 1987); *Greenwood v. State of New York, Office of Mental Health,* 645 F.Supp. 111, 114 (S.D.N.Y.1986), *modified on different grounds,* 842 F.2d 636 (2d Cir.1988). Section 214(5) provides for a three year statute of limitations in personal injury actions. The accrual date of a section 1983 action under section 214(5) is the date on which the discriminatory act occurs, or, more specifically, the date on which the employee is notified of a final determination of his status. *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981).

In the case at bar, defendants have submitted proof that plaintiff received notification of his reassignment on May 31, 1988. In his complaint, plaintiff identifies the date of his reassignment as "in or around

August, 1988." Complaint ¶ 16. For purposes of this discussion, the Court will assume that August of 1988 was the date of notification, since the difference between May and August has no bearing on the Court's disposition. These dates indicate that the statute of limitations would have expired in August of 1991, prior to plaintiff having commenced the instant action. Thus, in order to establish the timeliness of this action, the Court need only determine whether the statute of limitations was tolled during this period.

Plaintiff claims that when he filed a complaint with the N.Y.S. Division of Human Rights (the "DHR"), the statute of limitations was tolled. However, the law is clear that the pursuit of Title VII administrative remedies does not toll the statute of limitations on other Civil Rights Act claims. *Weise v. Syracuse University,* 522 F.2d 397, 408 n. 15 (2d Cir.1975) (citing *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 455, 95 S.Ct. 1716, 1717, 44 L.Ed.2d 295 (1975)). Moreover, in section 1983 actions in New York " 'federal courts [are] obligated ... to apply the New York rule for tolling [the] statute of limitations.' " *Jewell v. County of Nassau,* 917 F.2d 738, 740 (2d Cir.1990) (citation omitted). New York only provides for tolling in limited circumstances,[1] and the filing of a complaint with the DHR is not among them.[2] Accordingly, the Court concludes that plaintiff's claim under 42 U.S.C. § 1983 is time barred, and dismisses this claim as to the District, the Board and Blum.

### B. *Sufficiency of Service of Process*

Because. the Court has found that plaintiff's section 1983 claim should be dismissed, the following discussion pertains only to the remaining Title VII claim. The

---

1. N.Y.Civ.Prac.L. & R. provides for tolling in the following circumstances: where an action is stayed by court order, § 204(a); where the defendant is out of state when the claim accrues, § 207; in the case of infancy or insanity, § 208; or, under principles of equity, when a court estops the defendant's assertion of a statute of limitations defense due to the defendant's misconduct. *Jewell,* 917 F.2d at 741 n. 1.

2. Although federal courts do have the power to toll statutes of limitations borrowed from state law when their application would "frustrate the policy of the underlying federal cause of action," the Second Circuit has held that the use of the New York statute of limitations in a section 1983 action does not violate any federal policy. *Jewell,* 917 F.2d at 740 (citation omitted).

**84**

Board and the District argue that dismissal of the Title VII claim is warranted because they were improperly served by mail; Blum argues that he too was improperly served because although it was appropriate to serve him by mail in the first instance, he never returned an acknowledgement form and plaintiff never attempted any other method of service on him.

(i) Service on the Board and the District

 Under Federal Rule of Civil Procedure 4(j), dismissal is mandatory if service is not perfected within 120 days of filing, unless plaintiff can show good cause. Fed.R.Civ.P. 4(j); *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990). In order to properly effectuate service upon a governmental organization, the plaintiff must "deliver a copy of the summons and complaint to the chief executive officer or in the manner prescribed by the law of that state ..." Fed.R.Civ.P. 4(d)(6). New York law provides that service on a school district be made by personal service on a school officer. N.Y.Civ.Prac.L. & R. § 311(7) (McKinney 1991). It does not specifically address service on a school board. In any case, service upon both the Board and the District cannot be effected by mail. Thus, service upon the Board and the District was not properly effected. Although plaintiff was entitled to cure the improper service within 120 days of filing, Fed.R.Civ.P. 4(j), plaintiff failed to do so in this case.

Having found that service on the Board and the District was improper and not cured, the Court turns to whether plaintiff can demonstrate good cause. *See Yosef,* 876 F.2d at 287. Plaintiff's counsel argues that his office moves, difficulty in receiving mail, heavy travel schedule, illness and other personal problems constitute good cause for noncompliance with the requirements for proper service. The Second Circuit has held that, for example, poor office proce-

dure does not constitute good cause. *See Zankel v. United States,* 921 F.2d 432, 438 (2d Cir.1990). Moreover, among the factors a court should consider in determining whether there is good cause is "whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court." *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir. 1988) (citations omitted).

In this case, the Court finds that not only are plaintiff's excuses simply "poor office procedure" under a different guise, but they are, for the most part, "easily manufactured and incapable of verification by the court." *Id.* Accordingly, the Court finds that there is no good cause to except plaintiff from the prescriptions of Rule 4(j) and dismissal of the instant action as to the Board and the District is appropriate.

(ii) Service on Blum

██ As noted, plaintiff served Blum by mail, Blum failed to return the acknowledgement form, and plaintiff did not attempt any other method of service on him. Rule 4 does provide that service by mail on an individual defendant is proper, Fed.R.Civ.P. 4(d)(1), but it also provides that if plaintiff does not receive acknowledgement of service within twenty days, he is required to effect service by alternate means pursuant to the Federal Rules. Fed.R.Civ.P. 4(c)(2)(C)(ii).[3]

In this case, although plaintiff did not receive acknowledgement of service, the certified mail receipt reflects that Blum actually received notice of the action. The prevailing rule in the federal courts is that actual notice of the action does not militate against a finding of dismissal under Rule 4(j) where plaintiff has not received acknowledgement of service. *See Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991); Statement by a Member of the House Committee on the Judiciary, 128 Cong.Rec. H9848 (daily ed. Dec. 15, 1982), reprinted in U.S.Code Cong. & Admin.News 4434, 4439–40. However, in *Morse v. Elmira Country*

**3.** Defendant's penalty for declining to return the acknowledgement form is that he or she may be required to pay the additional costs of procur-

ing service by alternate means. Fed.R.Civ.P. 4(c)(2)(D).

*Club,* 752 F.2d 35 (2d Cir.1984), the Second Circuit departed from the prevailing rule and held that Rule 4(c)(2)(C)(ii) should not be read to "void a received-but-unacknowledged mail service," *id.* at 39, and that "strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where ... the recipient actually receives the mail service but refuses to acknowledge it." *Id.* at 40. Other courts in this circuit have adhered to the principles enunciated in *Morse. See, e.g., Leger v. Dessureault,* 733 F.Supp. 786, 787 (D.Vt.1990); *Deshmukh v. Cook,* 630 F.Supp. 956, 958 (S.D.N.Y.1986). Defendants have failed to enlighten the Court in their supplemental brief as to why they should be excepted from the clear mandate of *Morse.* Accordingly, the Court declines to dismiss the Title VII claim against Blum on the ground of improper service.[4]

### C. *Failure to Prosecute*

Defendants argue that plaintiff has failed to prosecute this action pursuant to Fed.R.Civ.P. 41(b). While it is well settled that a dismissal pursuant to Federal Rule 41(b) is a matter of the district court's discretion, *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983), among the factors a court should consider are the duration of plaintiff's inaction and the prejudice suffered by defendant. *Id.* In the instant case, plaintiff's inaction was minimal and in any case did not cause prejudice to defendants. Accordingly, in the exercise of its discretion, the Court declines to dismiss this action on that basis.

### CONCLUSION

For the foregoing reasons, the Court hereby dismisses this action in its entirety as to the Board and the District. The Court also dismisses plaintiff's section 1983 claim as to Blum, but declines to dismiss plaintiff's Title VII claim against him.

SO ORDERED.

---

**4.** The Court notes that defendants do not contend that plaintiff's Title VII claim is untimely.