**Roy HECK, Plaintiff–Appellant,**

v.

**James HUMPHREY, Dearborn County Prosecutor, Robert Ewbank, Attorney, and Michael Krinoph, Indiana State Police Investigator, Defendants–Appellees.**

No. 89–1323.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 1992.

Resubmitted March 1, 1993 *.

Decided July 1, 1993.

---

* After appointment of counsel for the appellant, and receipt of supplemental briefs dealing with the issue of equitable tolling.

Kathleen M. O'Laughlin, Keck, Mahin & Cate, Chicago, IL, for plaintiff-appellant.

David M. Wallman, Deputy Atty. Gen., Office of the Atty. Gen., Federal Litigation, Indianapolis, IN, for defendants-appellees.

Before CUMMINGS, POSNER, and MANION, Circuit Judges.

POSNER, Circuit Judge.

This pro se prisoner civil rights suit charges that the defendants engineered the

plaintiff's conviction for murder by, among other wrongful conduct, the destruction of exculpatory evidence. Compensatory and punitive damages were sought. The plaintiff made no effort to exhaust his state remedies against wrongful conviction, however, and this was, as the district court ruled in dismissing the suit, a fatal omission. If, regardless of the relief sought, the plaintiff is challenging the legality of his conviction, so that if he won his case the state would be obliged to release him even if he hadn't sought that relief, the suit is classified as an application for habeas corpus and the plaintiff must exhaust his state remedies, on pain of dismissal if he fails to do so. *Viens v. Daniels,* 871 F.2d 1328, 1332 (7th Cir.1989); *Scruggs v. Moellering,* 870 F.2d 376, 379 (7th Cir.1989); *Hanson v. Heckel,* 791 F.2d 93 (7th Cir.1986) (per curiam). This is such a case, as the plaintiff, while not explicitly requesting that his conviction be vacated, claims that he would not have been convicted had the defendants not violated his constitutional rights. Indeed, if his conviction were proper, this suit would in all likelihood be barred by res judicata.

The difficult question is whether the suit should have been stayed rather than dismissed lest the plaintiff be prevented by the statute of limitations from refiling it after he exhausts his state remedies. The defendants' alleged misconduct took place in 1987 and the applicable statute of limitations is only two years and is not tolled by a plaintiff's imprisonment. Ind.Code §§ 34–1–2–2, 34–1–67–1(6); *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Bailey v. Faulkner,* 765 F.2d 102 (7th Cir.1985). So if we affirm the dismissal of his suit, and Heck should later refile after exhausting his state remedies, he will be met by a defense of statute of limitations (though, as we shall see, other state tolling doctrines may be available to him). In these circumstances several decisions of other circuits hold that the district court should stay rather than dismiss the suit. *Jewell v. County of Nassau,* 917 F.2d 738 (2d Cir.1990) (per curiam); *Young v. Kenny,* 907 F.2d 874, 878 (9th Cir.1990); *Offet v. Solem,* 823 F.2d 1256,

1258 n. 2 (8th Cir.1987); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981). We respectfully disagree. Such an approach gives inadequate weight to the policy of the statute of limitations, which is to bar stale suits. Should Heck dawdle in exhausting his state remedies, this suit might resume almost a decade after the statute of limitations had expired.

If instead of being stayed, the civil rights suit is dismissed, this sets the stage for confronting the issue of staleness head-on at a time when all the facts bearing on the issue will be known—when the plaintiff, having finally exhausted his state remedies, wishes to resume the civil rights case. When the defendants plead the statute of limitations to a refiled suit, the plaintiff can riposte with the doctrine of equitable tolling—a defense to the defense of statute of limitations. The doctrine is straightforward: "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Central States, Southeast & Southwest Areas Pension Fund v. Slotky,* 956 F.2d 1369, 1376 (7th Cir.1992). It has been applied to a prisoner's civil rights case in which the statute of limitations ran while the prisoner was exhausting his state remedies. *Rodriguez v. Holmes,* 963 F.2d 799, 805 (5th Cir.1992). Rather than giving the plaintiff an automatic extension of indefinite duration, no matter how much his carelessness or sloth may have contributed to the delay in the prosecution of his claim, the doctrine of equitable tolling gives the plaintiff just so much extra time as he needs, *despite all due diligence on his part,* to file his claim. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451–53 (7th Cir.1990). There must be diligence, and the diligence must continue up to the time of suit—you cannot be diligent for a year, and then wait another year to sue.

The cases that we have cited involve, it is true, the *federal* doctrine of equitable tolling. We have not found any Indiana cases that recognize equitable tolling in so many words as a defense to a statute of limitations. However, *Torres v. Parkview Foods,* 468 N.E.2d 580 (Ind.App.1984), holds that if a plaintiff in good faith files a diversity suit in

federal district court but the suit is later held to be outside the diversity jurisdiction and is therefore dismissed without an adjudication of the merits, the statute of limitations for refiling the suit in state court is tolled. This is a form of equitable tolling, and the point emphasized by the court—that the filing of the suit, albeit in the wrong court, gave the defendant all the notice it needed—is equally applicable here. But should it turn out that Indiana would not apply equitable-tolling principles in the circumstances of the present case, this would be of no significance if, in that event, the federal doctrine would be applicable, and we think it would be.

■ It is true that, although a claim under 42 U.S.C. § 1983 is a federal claim, the statute of limitations applicable to it is a state statute borrowed for the occasion; and the Supreme Court has held that state, not federal, tolling provisions apply to state statutes of limitations borrowed for section 1983 suits. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). We held the contrary in *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984), but failed even to cite *Tomanio* (*Hardin* hadn't been decided yet). See *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir.1992). Neither *Tomanio* nor *Hardin*, however, dealt with a situation in which a federal tolling doctrine was essential to the vindication of federal rights. Congress, in enacting 42 U.S.C. § 1988 (which provides that in the event that a federal civil rights statute is "deficient in the provisions necessary to furnish suitable remedies ... [state law], so far as the same is not inconsistent with [federal law], shall be extended to and govern" the federal trial), intended that "gaps in federal civil rights acts should be filled by state law," *Hardin v. Straub, supra*, 490 U.S. at 538, 109 S.Ct. at 2000, but only "as long as that law is not inconsistent with federal law" and does not defeat section 1983's "chief goals of compensation and deterrence." *Id.* at 538–39, 109 S.Ct. at 2001. *Tomanio* distinguished the case where the

federal right "is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had." 446 U.S. at 490, 100 S.Ct. at 1798. That is our case. If we are right that a 1983 plaintiff is not entitled to an indefinite stay while he exhausts whatever state remedies he is required to exhaust because his claim is in part one for habeas corpus, it follows that a body of state tolling law that lacks a provision for equitable tolling is inconsistent with the provision of a complete federal remedy under section 1983 and therefore is overridden by the federal doctrine. *Jewell v. County of Nassau, supra*, 917 F.2d at 740, reached a different conclusion in a similar case, but without giving reasons. Its conclusion became the basis for its ruling that the case should be stayed rather than dismissed; the court could see no other way to avoid the bar of the statute of limitations.

We think the dismissal of Heck's suit should therefore be affirmed. When and if he exhausts his state remedies and refiles this suit, and the defendants plead the statute of limitations, the district judge will have to decide whether the elements of equitable tolling have been met. The inquiry will proceed in three stages. First, was Heck's initial failure to exhaust his state remedies excusable because of the subtlety of the distinction between a pure civil rights suit that does not require exhaustion and an ostensible civil rights suit that is also a de facto habeas corpus action and therefore does require exhaustion? Second, if so, did Heck proceed with due diligence to exhaust his state remedies and to file the renewed civil rights suit as soon as possible afterward? In answering both questions the district judge will of course have due regard for the handicaps under which Heck labors by virtue of being an unrepresented prisoner presumably untrained in law. If both questions are answered in the affirmative, a third question becomes relevant—whether the defendants are likely to be substantially prejudiced in their defense of Heck's suit by the long delay, for which they of course cannot be blamed, in the filing of a suit not barred by the doctrine of exhaustion of state remedies. *Seattle Audubon Society v. Robertson*, 931

F.2d 590, 597 (9th Cir.1991). We express no view on the proper answers to these questions in this case; that would be premature. We hold merely that the suit was properly dismissed, rather than stayed. Because this decision creates an intercircuit conflict, we have circulated it to the entire court, pursuant to Circuit Rule 40(f). A majority of the judges voted not to hear the case en banc, Judges Cudahy, Ripple, and Rovner dissenting.

AFFIRMED.