James A. HAND, plaintiff

v.

Judge Lewellyn YOUNG; Gordon Richardson; James K. McIntosh, Sheriff; William Davis, Undersheriff; Matt Zuwala and Shannon Reinhards, Kevin Duy and Bill Barks, Deputies, individually and in their official capacities in the Sheriff's Department of the County of Pershing; Richard J. Paige, Deputy, individually and in his official capacity as Deputy in the Pershing County Sheriff's Office; Steven J. Ceresola, Roger Mancebo, Marian McCleelan, individually and in their official capacities as County Commissioners of the County of Pershing; Nevada Board of Corrections, as inspectors and a funding source for Pershing County Law Enforcement Center; Lou A. Holt, Ruben Castro, Daniel Jones, Kent Brown, in their official capacities as agents for the Tricounties Task Force; Nevada Division of Investigation, and individuals as well; The Humane Society of the United States; the Humane Society of Nevada; Mark McQuire, Director of the Humane Society of Nevada; Eric Sackach, Investigator for the U.S. Humane Society, as individuals and in their official capacities as well; Gannett Newspapers; The Reno-Gazette Journal, Sue Clark-Jackson, Publisher, Ward Bushee, Executive Editor, Cory Farley, Rollan Melton, Mike Henderson, Michael Phillis, Phil Barber, Don Vetter, and possibly others of the staff of Gannett News and of the Reno Gazette-Journal as individuals and in their official capacities; Lise Mousel; Bill Brown, and possibly others of the staff or owners of television station Channel 2 of Reno, Nevada as individuals and in their official capacities, owners and workers of Channel 2 of Reno, Nevada, as individuals and in their official capacities; James Bagwe, II, as Sheriff of Humboldt County as an individual and in his official capacity; the Lovelock Review-Miner and Lovelock Tribune, its employees and owners, including but not limited to Editor Carol Ann Marshall, Business Manager Carolyn Baker, Reporter Stephanie Logue, as individuals and in their official capacities; The Winnemucca Sun, its staff, owners and possible others, as individuals and in their official capacities; Thomas Perkins, Attorney, as an individual and in his official capacity; Does 1-25, defendants.

No. CV-N-92-62-ECR.

United States District Court,
D. Nevada.

Aug. 24, 1994.

James A. Hand, pro se.

No appearance for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff James A. Hand brings this 42 U.S.C. § 1983 action. Plaintiff was convicted in Nevada state courts of various crimes. Plaintiff has been released from prison after having completed his sentence of imprisonment. It is unclear whether Plaintiff was placed on parole, probation, supervised release or some other form of limited custody upon release from prison and whether he remains under any such custody.[1]

Plaintiff's § 1983 complaint alleges Plaintiff was denied a jury trial (Count I); denied an opportunity to confront witnesses against him and that the District Attorney and other law enforcement officials prepared false affidavits and charges against him (Count II); and that he was denied access to his legal materials and provided inadequate legal counsel during his trial (Count III). Plaintiff's requested relief seeks

reversal of all charges, judgments, convictions, fines, sentences, etc. Issuance of an order for all publicity, lies and erroneous statements and untrue news media publications to be retracted, with formal, equal space being given to the truth. That an order, summary judgement [sic], or what-

1. Plaintiff indicates in his motion to proceed in forma pauperis (Doc. # 2) at p. 2 that he was released from prison and placed on parole on October 28, 1991. This statement was somewhat tangential to the motion and the Court has thus been attempting to make certain Plaintiff was on parole and not probation or some other form of limited custody. In response to this Court's order (Doc. # 29) filed March 17, 1994 Plaintiff indicates he is not currently in physical custody, that he was discharged from prison on October 28, 1991, that he was not in physical custody of the state on December 4, 1991 and that he was on probation or parole (but Plaintiff does not specify which) on December 4, 1991. However, Plaintiff declined to answer what dates and periods of time he was on probation/parole etc. and what the conditions or limitations were placed on him pursuant to probation/parole etc.

ever is applicable be issued dismissing everything with predjudice [sic] against the defendants so that I can recover all costs, damages, penalties, and any and all further remedies that this court may feel fit to grant me including punitive damages against all defendants personally, and in their official capacities.... for each count of abuse to my Constitutional and due process and substansive [sic] rights.

Plaintiff's Complaint (Doc. # 1) p. 5–B.

In light of the recent Supreme Court case of *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and the facts of this case, the Court now undertakes to determine how it should proceed with and analyze Plaintiff's complaint.

The Court determines that whenever a person's § 1983 claims relate in some way to that person's conviction of state crimes, sentence imposed therefore or the fact of imprisonment or custody, the district courts should make two determinations:

(1) Whether the person, in order to succeed on a § 1983 claim must establish the occurrence of unlawful conduct which would render the person's conviction or sentence invalid; and if so,

(2) what remedies the Plaintiff seeks;

   a. monetary damages, or

   b. injunctive relief seeking speedier release.

The answer(s) to the above questions will determine whether and in what posture a Plaintiff's 42 U.S.C. § 1983 claims will be allowed to proceed.

## DISCUSSION

### A. DOES THE PLAINTIFF'S § 1983 CLAIM NECESSARILY INVOLVE A DETERMINATION OF UNLAWFUL ACTIONS WHICH WOULD RENDER A CONVICTION, SENTENCE OR THE FACT OF IMPRISONMENT UNLAWFUL?

■ The first question to be determined is whether the Plaintiff's § 1983 claim challenges the lawfulness of a conviction, sentence or the fact or duration of confinement.

The Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) citing *Preiser v. Rodriguez,* 411 U.S. 475, 478–490, 93 S.Ct. 1827, 1830–1836, 36 L.Ed.2d 439 (1973).

Any § 1983 claim seeking immediate or speedier release through a challenge to the fact or duration of confinement is necessarily challenging the lawfulness (under federal law) of conduct whose illegality would make a resulting conviction, sentence or imprisonment illegal and thus entitling the plaintiff to the requested relief. The Supreme Court in *Preiser v. Rodriguez,* determined that § 1983 was not the proper vehicle for claims for relief which directly challenge the lawfulness of the plaintiff's conviction, sentence or the fact or duration of confinement. 411 U.S. at 478–490, 93 S.Ct. at 1830–1836.

The Supreme Court recently held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2372.

Regardless of whether a plaintiff seeks monetary damages or injunctive relief in a § 1983 claim, if the plaintiff's claim necessarily involves a determination of the lawfulness of the conviction, sentence or imprisonment, the district courts must make further determinations before proceeding. *See Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364 and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Conversely, where the plaintiff's § 1983 claims do not involve any such determination or challenge, the district court should allow the case to proceed as it would any other § 1983 claim. *See, Heck v. Humphrey,* —— U.S. at —— nn. 7 & 8, 114 S.Ct. at 2373 nn. 7 & 8.

## B. DOES THE PLAINTIFF SEEK MONETARY DAMAGES OR INJUNCTIVE RELIEF?

If a § 1983 plaintiff's claims challenge the lawfulness of a conviction, sentence or the fact or duration of confinement, the district court must then proceed to determine what relief is requested. How the district court shall proceed is determined by whether the plaintiff seeks monetary damages or injunctive relief ordering immediate or speedier release.

### 1. When the Plaintiff Seeks Monetary Damages.

■ Where a Plaintiff's § 1983 claim for damages necessarily involves a determination that certain actions were unlawful, which would render a conviction or sentence invalid, the § 1983 claim is not cognizable by the court unless the plaintiff alleges

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2372.

Thus, unless the plaintiff alleges some such prior determination, the plaintiff does not state a cause of action. Likewise, if the plaintiff cannot produce evidence of such a prior determination of invalidity, summary judgment for the defendants may be appropriate.

#### a. *Young v. Kenny* Distinguished.

In the Ninth Circuit, § 1983 claims for monetary damages which required a determination that a sentence currently being served was invalid or unconstitutionally long were allowed to proceed subject to the requirement that state remedies be exhausted. *Young v. Kenny,* 907 F.2d 874, 877–78 (9th Cir.1990). If available state remedies were not exhausted, the district courts were directed to stay rather than dismiss the action. *Id.* at 878.

The stay requirement was prompted by concerns that a plaintiff's § 1983 claims might be barred by statutes of limitation while the plaintiff sought to exhaust state remedies. *Id.* at 878.

This differs from the Supreme Court's determination in *Heck v. Humphrey* that § 1983 claims for damages which imply the invalidity of a state conviction or sentence are simply not cognizable unless and until the challenged conviction or sentence has been previously invalidated. *Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2372. The Ninth Circuit, determined only that such claims must wait until the plaintiff has exhausted state remedies. *Kenny,* 907 F.2d at 877–78.

Under *Heck v. Humphrey,* a § 1983 cause of action which would necessarily imply the invalidity of [a state] conviction or sentence has an additional element, proof that the conviction or sentence has already been invalidated. *See Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2374.

Under [the Supreme Court's] analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen[;] a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id.* citations omitted.

The Supreme Court characterized the Seventh Circuit and "those courts in agreement with it" as holding that § 1983 contains an exhaustion requirement. *Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2370. Presumably this characterization applies to the Ninth Circuit whose analysis in *Kenny,* is similar to the Seventh Circuit's. *Compare Heck v. Humphrey,* 997 F.2d 355, 357 (1993) *with Young v. Kenny,* 907 F.2d at 877–78 (9th Cir.1990). The Supreme Court disagreed with the view that such a § 1983 claim was cognizable but could not proceed until state remedies were exhausted. *Heck v.*

*Humphrey,* —— U.S. at ——, 114 S.Ct. at 2370 (1994). The Supreme Court's decision is fundamentally different.

The Seventh and Ninth Circuit decisions were based on the presumption that a § 1983 claim for monetary damages is an appropriate vehicle for determining the validity of a conviction or sentence and that only comity concerns (the same concerns underlying the habeas corpus exhaustion doctrine) prevent the courts from proceeding with such § 1983 claims. *See, Heck v. Humphrey,* 997 F.2d at 357 (7th Cir.); *Kenny,* 907 F.2d at 877–78 (9th Cir.). Under such an analysis, when state remedies are exhausted, comity concerns disappear and § 1983 claims may proceed.

Conversely, the Supreme Court's decision affirms that only state procedures and the federal writ of habeas corpus are appropriate vehicles for litigating the validity of a state court conviction or sentence. Thus, federal courts hearing claims under § 1983 may not and can not litigate the validity of a state conviction or sentence but may only consider prior determinations that such conviction or sentence was invalid.

> The Supreme Court's rule is based on
>
> the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.

*Heck v. Humphrey,* —— U.S. at ——, 114 S.Ct. at 2372.

### b. *Young v. Kenny* Overruled.

*Heck v. Humphrey,* essentially overrules the holding of *Young v. Kenny.* Because exhaustion of state remedies is irrelevant under *Heck v. Humphrey,* it serves no purpose to stay rather than dismiss a § 1983 claim for damages which implicates the validity of a conviction or sentence until state remedies are exhausted. If Plaintiff James A. Hand can allege a prior determination that the challenged conviction or sentence is invalid his § 1983 claim may continue. If Plaintiff cannot allege or demonstrate this

necessary element, dismissal or summary judgment may be appropriate.

### 2. When the Plaintiff Seeks Injunctive Relief.

█ The Supreme Court's decision in *Heck v. Humphrey,* did not disturb the settled law, regarding § 1983 claims which directly challenge the fact or duration of confinement by seeking immediate or speedier release through injunctive relief. Under *Preiser v. Rodriguez,* as reaffirmed and extended by *Heck v. Humphrey,* the writ of habeas corpus is the exclusive federal remedy for a plaintiff seeking such relief. *Preiser,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 1835–36 (1973); *see, Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In the Ninth Circuit, § 1983 claims which directly challenge the fact or duration of confinement and seek immediate or speedier release may be treated as habeas petitions. *Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir.1991); *Franklin v. State of Oregon State Welfare Division,* 662 F.2d 1337, 1347 (9th Cir.1981).

If such a § 1983 complaint is construed as a habeas corpus petition, then all the procedural rules of habeas corpus law apply. The habeas corpus petitioner must exhaust state remedies. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Furthermore, federal habeas corpus is not available unless the petitioner is in custody at the time the petition is filed with the court. *Thompson v. Collins,* 981 F.2d 259 (5th Cir.1993); *see United States v. Spawr Optical Research, Inc.,* 864 F.2d 1467 (9th Cir.1988) (federal prisoner).

### *CONCLUSION*

█ Plaintiff's § 1983 claims challenge the validity of Plaintiff's conviction, sentence and the fact or duration of the State of Nevada's custody over Plaintiff (if any). Plaintiff requests both injunctive and monetary damages in relief.

To the extent Plaintiff's § 1983 claims seek damages, Plaintiff must amend his complaint to allege his conviction, sentence or the fact or duration of his custody has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal au-

thorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. If Plaintiff is unable to allege any such determination, Plaintiff's § 1983 claims for damages will be dismissed.

 To the extent Plaintiff's claims seek injunctive relief, the Court construes such claims as a petition for habeas corpus. In relation to this petition, the Court enters a separate order requiring Plaintiff/Petitioner to provide the Court with certain information necessary to determine whether Plaintiff/Petitioner may proceed with a habeas corpus petition.

**IT IS, THEREFORE, HEREBY ORDERED that** Plaintiff shall have thirty (30) days from the entry of this order to file an amended complaint alleging a previous determination that Plaintiff's conviction, sentence or continued custody was invalid. Plaintiff's failure to do so will result in dismissal of Plaintiff's § 1983 claims for damages for failure to state a claim.

**IT IS FURTHER ORDERED that** the Court will address Plaintiff's § 1983 complaint to the extent it is construed as a habeas corpus petition in a separate minute order.