**Calvin HARMON, Plaintiff–Appellant,**

**v.**

**PATROLMAN'S BENEVOLENT ASSOCIATION OF the CITY OF NEW YORK (PBA), Defendant–Appellee.**

**No. 05–6569–cv.**

United States Court of Appeals, Second Circuit.

Sept. 29, 2006.

Calvin Harmon, Brooklyn, NY, pro se, for Appellant.

Clifford Scott, Esq., Patrolmen's Benevolent Association, New York, NY, for Appellee.

Present: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Calvin Harmon ("Harmon") is a former member of the New York City Police Department ("NYPD"). In 1991, Harmon submitted a written fee request to the Patrolmen's Benevolent Association (the "PBA") so that he might secure counsel of his own choosing to represent him in an NYPD disciplinary hearing. He never received a response from the PBA. Harmon filed an administrative complaint with the New York City Office of Collective Bargaining (the "OCB"), alleging that he was denied the representation due to him under the collective bargaining agreement.

After the OCB denied his claims, Harmon filed an action (the "1995 action") against the PBA and its President in the United States District Court for the Eastern District of New York, alleging that the PBA's inaction violated his First Amendment rights, deprived him of a property interest in his legal fees without due process of law, violated his right to equal protection, and violated his right to make and enforce contracts. Harmon argued that the PBA denied him representation owing to his race and because of complaints he had made about the PBA's treatment of minority officers. The district court granted summary judgment against Harmon on the ground of collateral estoppel, finding that Harmon had sufficient opportunity to litigate the issues related to PBA's alleged discrimination before the OCB. *Harmon v. Matarazzo,* No. 95–CV–3975, 1997 WL 94233 (E.D.N.Y. Feb. 27, 1997). This court affirmed the judgment on the grounds that the PBA was not a state actor under 42 U.S.C. § 1983 ("Section 1983") and that Harmon brought no cognizable claims upon which relief could be granted under 42 U.S.C. § 1981 or Section 1983. *Harmon v. Matarazzo,* 162 F.3d 1147 (2d Cir. 1998) (table).

By Harmon's own admission, the lawsuit that is now the subject of this appeal sought to raise "identical" claims to the 1995 action. The district court agreed, but rather than dismissing on the ground of collateral estoppel, the court rested its dismissal on the PBA's affirmative defense that these claims were barred by the statute of limitations. The complaint was filed 14 years after the alleged discriminatory action, and 13 years after Harmon alleged-

ly became aware that the PBA's actions were motivated by discriminatory animus. Since the applicable statute of limitations on Section 1983 claims is 3 years (or 4 years, if the claims are set forth under 28 U.S.C. § 1658(a)), they were all time-barred. *See Jewell v. County of Nassau,* 917 F.2d 738, 740 (2d Cir.1990).

Harmon argues that the 1995 action tolled the applicable statute of limitations. The dismissal with prejudice of a lawsuit does not toll the statute of limitations. New York law provides the applicable tolling principles that this court must ordinarily apply. *Bd. of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Under New York law, Harmon bears the burden of proof to demonstrate that an exception to the statute of limitations applies to his case. *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 243 n. 4 (2d Cir.1984). However, he cites no law to support his argument. Furthermore, there is no applicable statutory or equitable tolling principle available to save Harmon's claim, and the failure to toll the statute of limitations here would not "frustrate the policy underlying the federal cause of action." *Jewell,* 917 F.2d at 740–41 & n. 1; *Zerilli–Edelglass v. N.Y. City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir.2003); *see generally* 51 Am.Jur.2d *Limitation of Actions* § 174 (2006). Additionally, a reinstated action would be subject to claim preclusion on the basis of our ruling in the appeal of the 1995 action, and so would make any extension of the statute of limitations futile.

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.