Justice Breyer,
with whom Justice Ginsburg joins, dissenting.
I agree with the Court that the accrual date of a 42 U. S. C. § 1983 claim is not postponed by the presence of a possible bar to suit under Heck v. Humphrey, 512 U. S. 477 (1994). I also agree with the rest of the Court and with Justice Stevens that had petitioner timely filed his § 1983 case, the Federal District Court might have found it appropriate to stay the trial of his claims until the completion of state proceedings. E. g., Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 731 (1996). In the absence of a stay, a litigant like petitioner would have had to divide his attention between criminal and civil cases with attendant risks of loss of time and energy as well as of inconsistent findings.
The Court’s holding, however, simply leads to the question of what is to happen when, for example, the possibility of a Heck problem prevents the court from considering the merits of a § 1983 claim. And I disagree with the Court’s insistence upon a rule of law that would require immediate filing, followed by an uncertain system of stays, dismissals, and possible refiling. Ante, at 395, n. 4 (majority opinion); ante, at 399 (Stevens, J., concurring in judgment). I disagree because there is a well-established legal tool better able to deal with the problems presented by this type of suit.
Where a “plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time,” courts have applied a doctrine of “equitable tolling.” Miller v. Runyon, 77 F. 3d 189, 191 (CA7 1996) (Posner, C. J.). The doctrine tolls the running of the limitations period until the disabling circumstance can be overcome. (This is why the *401 limitations period does not run against a falsely arrested person until his false imprisonment ends. His action has certainly accrued because, as the majority recognizes, he can file his claim immediately if he is able to do so. Ante, at 389, 390-391, n. 3.) 77 F. 3d, at 191; see also Cada v. Baxter Healthcare Corp., 920 F. 2d 446, 450-453 (CA7 1990).
In particular, equitable tolling could apply where a § 1983 plaintiff reasonably claims that the unlawful behavior of which he complains was, or will be, necessary to a criminal conviction. It could toll the running of the limitations period: (1) from the time charges are brought until the time they are dismissed or the defendant is acquitted or convicted, and (2) thereafter during any period in which the criminal defendant challenges a conviction (on direct appeal, on state collateral challenge, or on federal habeas) and reasonably asserts the behavior underlying the § 1983 action as a ground for overturning the conviction.
I find it difficult to understand why the Court rejects the use of “equitable tolling” in regard to typical § 1983 plaintiffs. Ante, at 394. The Court’s alternative — file all § 1983 claims (including potentially Heck-barred claims) at once and then seek stays or be subject to dismissal and refiling — suffers serious practical disadvantages. For one thing, that approach would force all potential criminal defendants to file all potential § 1983 actions soon lest they lose those claims due to protracted criminal proceedings. For another, it would often require a federal court, seeking to determine whether to dismiss an action as Heck barred or to grant a stay, to consider issues likely being litigated in the criminal proceeding (Was the Constitution violated? Was the violation-related evidence necessary for conviction?). The federal court’s decision as to whether a claim was Heck barred (say, whether the alleged constitutional violation was central to the state criminal conviction) might later bind a state court on conviction review. Because of this, even a claim without a likely Heck bar might linger on a federal *402 docket because the federal court (or the plaintiff who has been forced to early file) wishes to avoid interfering with any state proceedings and therefore must postpone reaching, not only the merits of the §1983 claim, but the threshold Heck inquiry as well.
Principles of equitable tolling avoid these difficulties. Since equitable tolling obviates the need for immediate filing, it permits the criminal proceedings to winnow the constitutional wheat from chaff, and thereby increase the likelihood that the constitutionally meritless claims will never (in a § 1983 action) see the light of day. See Allen v. McCurry, 449 U. S. 90, 95-96 (1980) (federal court gives preclusive effect to constitutional determinations as to issues already litigated in state court). Moreover, an appropriate equitable tolling principle would apply not only to state criminal proceedings as here, but also to state appellate proceedings, state collateral attacks, and federal habeas proceedings.
Of course, § 1983 ordinarily borrows its limitations principles from state law. 42 U. S. C. § 1988(a). And I do not know whether or which States have comparable equitable tolling principles in place. If a given state court lacks the necessary tolling provision, however, § 1983, in my view, permits the federal courts to devise and impose such principles. See Hardin v. Straub, 490 U. S. 536, 538-540 (1989) (“[G]aps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law” and its “chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism” (footnote omitted)); Heck v. Humphrey, 997 F. 2d 355, 358 (CA7 1993) (Posner, J.) (articulating why federal tolling regime may apply to §1983 claims), aff’d on other grounds, 512 U. S., at 489. Cf. Board of Regents of Univ. of State of N. Y. v. Tomanio, 446 U. S. 478, 490 (1980).
The use of equitable tolling in cases of potential temporal conflict between civil § 1983 and related criminal proceedings is consistent with, indeed, it would further, § 1983’s basic pur *403 poses. It would provide for orderly adjudication, minimize the risk of inconsistent legal determinations, avoid clogging the courts with potentially unnecessary “protective” filings, and, above all, assure a plaintiff who possesses a meritorious § 1983 claim that his pursuit of criminal remedies designed to free him from unlawful confinement will not compromise his later ability to obtain civil § 1983 redress as well.
The Court is wrong in concluding that the principle I have described would “place” the tolling “question” in “jurisprudential limbo.” Ante, at 395. Under the approach I propose, supra, at 401, a potential §1983 plaintiff knows his claim is being tolled so long as the issues that claim would raise are being pursued in state court. Such a rule is prophylactic (it will sometimes toll claims that would not be barred by Heck), but under sueh an approach neither the plaintiff, nor the defendant, nor the federal court need speculate as to whether the claims are in any way barred until the state court has had the opportunity to consider the claims in the criminal context.
A tolling principle certainly seems to me to create greater order than the rule the majority sets out, whereby all criminal defendants must file their § 1983 suits immediately, some will be stayed, some dismissed, and then some may be refiled and entitled to tolling, ante, at 395, n. 4. The majority acknowledges that tolling may be necessary to protect the plaintiff who previously filed and was dismissed. Ibid. Why not simply apply that tolling principle across the board?
The majority is also wrong when it suggests that the proposed equitable tolling rule would create a significant problem of lack of notice. Ante, at 396-397. Because the rule would toll only while the potential § 1983 plaintiff is challenging the alleged misconduct in a state court, the State itself would have notice of the plaintiff’s claims. For similar reasons, the potential individual § 1983 defendants, the state officers, would also likely have notice of the charge. But even if they do not, I believe that many would prefer to forgo *404 immediate notice, for it comes with a pricetag attached — the price consists of being immediately sued by the filing of a § 1983 lawsuit, rife with stays and delays, which otherwise, in the course of time (as claims are winnowed in state court) might never have been filed.
The Court’s suggested limitations system, like an equitable tolling rule, will produce some instances in which a plaintiff will file a § 1983 lawsuit at an initially uncertain future date. Ante, at 395, n. 4. And, under both approaches, in the many §1983 suits that do not involve any Heck bar, a defendant can and will file immediately and his suit would proceed (for there is no tolling unless the potential § 1983 plaintiff is asserting in a conviction challenge that a constitutional violation did impugn his conviction). My problem with the Court’s approach lies in its insistence that all potential plaintiffs (including those whose suits may be Heck barred) file immediately — even though their suits cannot then proceed. With tolling, only rarely would a plaintiff choose to file a potentially Heck-barred § 1983 suit while his criminal case is pending; and in those cases the district court could, if it wished, stay the action, or simply dismiss the suit without prejudice, secure in the knowledge that the suit could be timely filed at a later date.
The Court’s refusal to admit the equitable tolling possibility means that large numbers of defendants will be sued immediately by all potential §1983 plaintiffs with arguable Heck issues, no matter how meritless the claims; these suits may be endlessly stayed or dismissed and then, at some point in the future, some defendants will also be sued again. With equitable tolling, however, defendants will be sued once, in suits with constitutional claims that a state court has not already found meritless, at a time when the suit can be promptly litigated. Given the practical difficulties of the Court’s approach, I would not rule out now, in advance, the use of an equitable tolling rule along the lines I have described.
*405 Because this matter has not been fully argued, I would vacate the Seventh Circuit’s determination and remand for consideration of the issues I here raise. For these reasons, I respectfully dissent.