08-1891-pr
Carmichael v. Captain Hobbs Correction Officer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of March, two thousand ten.

PRESENT:
> WILFRED FEINBERG,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――

Tyrone Carmichael,

> > *Plaintiff-Appellant*,
> > v.                                                      No. 08-1891-pr

Captain Hobbs Correction Officer,
Correction Department of the City of New York,
and Nurse, who treated me on 11/28/02,

> > *Defendants-Appellees.*

―――――――――――――――――――――――――――――――――――――

For Appellant:                          TYRONE CARMICHAEL, *pro se*,
                                        Elmira Correctional Facility, Elmira, N.Y.

For Appellees:                          ALAN G. KRAMS, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the matter **REMANDED**.

Appellant Tyrone Carmichael, *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Preliminarily, we find that we have appellate jurisdiction over this matter pursuant to *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980). Pursuant to Federal Rule of Civil Procedure 54(b), "when there are two or more defendants who have been served and the district court dismisses the action as to fewer than all of them, a final judgment may not be entered reflecting that dismissal unless the court so instructs and makes an 'express determination' that there is no just reason to delay entry of the judgment." *See id.* (citations omitted). However, the district court's failure to dismiss an unserved defendant does not impede this Court's jurisdiction over an appeal. *See id.* at 608-09.

At the time the district court entered judgment against the Appellant and dismissed the action, the docket sheet reflected that only Appellee Correction Department of the City of New York ("the D.O.C.") had been served, and did not contain any indication that defendant Captain Hobbs had been served. Furthermore, on its face, the proof of service as to Captain Hobbs that was docketed after the entry of judgment fails to comply with New York Civil Practice Law and Rules ("C.P.L.R.") § 308(2), as required by Fed. R. Civ. P. 4(e)(1). Personal service pursuant to C.P.L.R. § 308(2) requires, *inter alia*, delivery of the summons to the person to be served at his actual place of business and mailing of the summons by first class mail to the person to be served at his actual place of business. *See* N.Y. C.P.L.R. § 308(2) (McKinney 2010). Furthermore, the

2

delivery and mailing must occur within 20 days of each other. *Id.* Here, the proof of service demonstrates that 41 days passed between the date the summons was mailed and the date the summons was delivered, and, thus, service was not properly effected pursuant to C.P.L.R. § 308(2). Therefore, because Captain Hobbs constituted an "unserved defendant," the district court's failure to dismiss Captain Hobbs does not impede this Court's jurisdiction over the appeal. *See Leonhard*, 633 F.2d at 608-09. Accordingly, we conclude that this appeal is properly before the Court.

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (citations omitted); *see also Owens v. Okure*, 488 U.S. 235, 236 (1989). In §1983 claims filed in New York, federal courts are required to apply the New York rule for tolling the statute of limitations. *See Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980)). Under New York law, the statute of limitations can be tolled "[i]f a person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208 (McKinney 2010). The New York Court of Appeals has stated that the insanity toll applies to "individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (1982).

On appeal, Appellant submits new evidence that was not presented to the district court in support of his claim that the statute of limitations should be equitably tolled pursuant to C.P.L.R. § 208. The D.O.C. asks this Court to remand to the district court to permit it to consider

Appellant's equitable tolling claim in light of the Appellant's new evidence, and new evidence submitted by the Appellee. Appellee argues that the new evidence "raises questions" as to whether Appellant is entitled to equitable tolling pursuant to C.P.L.R. § 208. In the context of the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court has stated that determining whether evidence supports a finding of a causal relationship between a petitioner's mental illness and years of delay in filing a petition is a "highly case-specific inquiry" that is "is most appropriately conducted by the district court in the first instance." *See Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010). Because this case presents a similar question in the context of equitable tolling pursuant to C.P.L.R. § 208, remand to the district court is appropriate.

Appellant has indicated that he seeks counsel and he may pursue such efforts on remand to the district court.

For the foregoing reasons, the judgment of the district court is VACATED, and the action REMANDED to the district court for consideration of Appellant's equitable tolling claim in light of the parties' new evidence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4