[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2007
THOMAS K. KAHN
CLERK

No. 06-13813
Non-Argument Calendar

_____

D. C. Docket No. 04-00021-CV-CDL-4

LAURA PALMER,

Plaintiff-Appellant,

versus

STEWART COUNTY SCHOOL DISTRICT,
BETTYE RAY, Dr., individually
and in her official capacity
as Superintendant of Stewart
County School District,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 25, 2007)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Laura Palmer, proceeding *pro se*, appeals the district court's order dismissing her 42 U.S.C. § 1981 disparate pay claim against Bettye Ray as barred by the statute of limitations. Palmer, a black woman, brought her initial suit against Stewart County School District ("SCSD") and Dr. Bettye Ray, individually and in her official capacity. She alleged, among other things, racial discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 1983. During the bench trial, the district court granted judgment as a matter of law on Palmer's discriminatory pay claims because the claims were time-barred. The court found in favor of SCSD and Ray on all Palmer's claims except her claim for back overtime pay under the Fair Labor Standards Act.

Palmer appealed and we vacated solely as to the § 1981 pay discrimination claims brought against Ray in her individual capacity. We asked the district court to consider whether Palmer's cause of action could have been brought under § 1981 prior to the 1991 amendments. *Palmer v. Stewart County Sch. Dist.*, No. 05-15721, slip op. at 6 (11th Cir. May 10, 2006). On remand, the district court found that the plaintiff's pay discrimination claim related to her initial terms of employment, and therefore were actionable under § 1981 prior to the amendments and now time-barred. Palmer appeals, arguing that her claim became actionable only after the 1991 Civil Rights Act amendments, and therefore should be governed by 28 U.S.C. § 1658 and not time-barred.

Standard of Review

We review the district court's grant of a judgment as a matter of law *de novo*, considering the evidence in the light most favorable to the non-moving party. *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). We review the district court's "interpretation and application of a statute of limitations *de novo*." *United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001).

Discussion

Palmer argues that the catch-all statute of limitation of 28 U.S.C. § 1658 applies to her claim, because her cause of action would not have been actionable prior to the Civil Rights Act of 1991 that amended § 1981. Specifically, she alleges the salary modifications that were made during her first four months of employment would not have been actionable under *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-82, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989).

In *Patterson*, the Supreme Court limited claims under § 1981 to those alleging discrimination in the formation of new contracts or in the use of legal processes to enforce existing contracts. 491 U.S. at 176-82. Congress quickly amended the statute to provide coverage of a broader scope of claims, but prior to doing so passed § 1658. Section 1658 created a "catch-all" statute of limitations that applies a four year limitations period to causes of action that came available after its passage. 28 U.S.C. § 1658(a). This statute of limitations applies to claims

3

under § 1981 that were not actionable before amendments. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 1845, 158 L. Ed. 2d 645 (2004). Actions which were available prior to the amendments are still subject to a "borrowed" statute of limitations, which in Georgia is two years. *Id.; Hill v. Metropolitan Atlanta Rapid Transit Authority*, 841 F.2d 1533, 1545-1546 (11th Cir. 1988).

In her complaint, Palmer alleged only that Ray discriminated against her when she began her employment by not offering her the same pay and benefits as the white employee who previously held her position received. She did not allege any wrongdoing regarding salary modifications. At the bench trial on her other claims, Palmer introduced evidence regarding the modifications that had occurred in the first four months of her employment. Despite this later evidence, Palmer's § 1981 claim was that she suffered discrimination at contract formation and Palmer could have brought this claim prior to Civil Rights Act of 1991.

Because her claim was cognizable prior to the amendments, the system of borrowed statute of limitations applies, and her claim is time barred. Therefore, we affirm the district court.

**AFFIRMED.**