[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15721
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00021-CV-CDL-4

LAURA PALMER,

Plaintiff-Appellant,

versus

STEWART COUNTY SCHOOL DISTRICT,
BETTYE RAY, DR.,
individually and in her official capacity
as Superintendent of Stewart County School
District,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 10, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Laura Palmer, who is African-American and proceeds pro se, appeals the district court's judgment after a bench trial in her action against the Stewart County School District (SCSD) and Dr. Betty Ray, individually and in her official capacity. She alleges, among other things, violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, 3; 42 U.S.C. §§ 1981, 1983; the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207; and Georgia state law. Palmer worked as a payroll clerk for SCSD from July 2000 until June 2003, when she was terminated for allegedly writing unauthorized payroll checks to herself. Palmer initiated the instant action after her termination.

The district court granted summary judgment in favor of the SCSD and Ray on several of Palmer's claims, from which Palmer does not appeal. The following claims, however, were resolved during and after a bench trial: (1) racial discrimination by the SCSD and Ray, in her official capacity, under Title VII, § 1981, and § 1983; (2) retaliation by the SCSD and Ray, in her official capacity, under Title VII, § 1981, and § 1983; (3) violation of procedural due process; (4) slander; (5) tortious interference with business relations by Ray; and (6) back overtime pay under FLSA. Palmer's claim of racial discrimination alleged that SCSD and Ray discriminated against her with regard to her compensation and benefits during the first four months of her employment, and terminated her for

2

misconduct that was less egregious than that of her white predecessor, Connie Ledford, for which Ledford was not terminated. During her bench trial, the district court granted judgment as a matter of law to SCSD and Ray on Palmer's discriminatory pay claims under Title VII, § 1981, and § 1983 because the claims were time-barred. After the trial, the court found in favor of SCSD and Ray on all of Palmer's claims except her claim for back overtime pay. The court found that SCSD owed Palmer $2,134.82 for unpaid overtime compensation and $2,134.82 as liquidated damages, resulting in a total of $4,269.64. Palmer raises eight issues on appeal challenging the district court's judgment.[1]

For bench trials, we review the district court's legal conclusions de novo, and its findings of fact for clear error. *Pope v. Hightower*, 101 F.3d 1382, 1383 (11th Cir. 1996). We review the district court's "interpretation and application of a statute of limitations de novo." *United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001) (emphasis omitted). Title VII states, in relevant part, that it is "an unlawful employment practice for an employer . . . to discharge . . . or . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a). Title VII further provides that it is "an unlawful

_____

[1]Palmer does not challenge the district court's pre-trial order granting summary judgment on some of her claims.

3

employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . ."  42 U.S.C. § 2000e-3(a).

Section 1981(a) of Title 42 states, in pertinent part, that "[a]ll persons . . . shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens . . . ." 42 U.S.C. §1981(a).  The term "make and enforce" contracts includes "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Id.* § 1981(b).  Section 1983 provides a cause of action for persons injured as a result of a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under color of state law.  *Id.* § 1983.  Section 1983 provides the sole cause of action against state actors for violating § 1981.  *Butts v. County of Volusia*, 222 F.3d 891, 892-894 (11th Cir. 2000).

"Where, as here, a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under sections 1981 and 1983, the legal elements of the claims are identical."  *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985).  We apply the analytical framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d. 668 (1973),

4

and *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) when a Title VII plaintiff uses circumstantial evidence to prove his case. *Durley v. APAC, Inc.*, 236 F.3d 651, 655 (11th Cir. 2000). Under the *McDonnell Douglas* framework, when circumstantial evidence is used, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. The burden then shifts to the employer to state a legitimate, nondiscriminatory reason for the employment decision. *Id.* at 802-803, 93 S. Ct. at 1824. If the employer successfully does so, the burden shifts back to the plaintiff to show that the reason offered by the employer was pretextual. *Id.* at 804, 93 S. Ct. at 1825. This framework, however, is only a tool. *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1184 (11th Cir. 1984). "The 'ultimate question' in a disparate treatment case is not whether the plaintiff established a prima facie case or demonstrated pretext, but whether the defendant intentionally discriminated against the plaintiff." *Id.* (internal quotations omitted). Palmer asserts eight issues on appeal. We address each in turn.

First, Palmer, through Title VII, § 1981, and § 1983 claims, asserts that the SCSD racially discriminated against her in pay and benefits for the first four months of her employment. On appeal, she does not challenge the district court's dismissal of her Title VII claim. However, she contends that the district court

5

erred in holding that her § 1981 claim was barred by a two-year statute of limitations. She argues that a four-year catch-all statute of limitations applies to § 1981.

Indeed, Congress created a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990, that do not contain a statutes of limitations provision. 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 124 S. Ct. 1836, 1839, 158 L. Ed. 2d 645 (2004). Section 1981 was amended by the Civil Rights Act of 1991, therefore the four-year catch-all provision may apply. *See Jones*, 541 U.S. at 383, 124 S. Ct. at 1846. However, the four year statute of limitations applies only if the cause of action was not available before the 1991 amendments to the statute. *Id.* at 373, 124 S. Ct. at 1840 ("The critical question, then, is whether petitioners' causes of action 'ar[ose] under' the 1991 Act or under § 1981 as originally enacted."). Because the district court did not address the issue and because the record is undeveloped regarding the nature of Palmer's pay discrimination claim, we remand this case for consideration of whether the cause of action could have been brought under § 1981 as it existed before its 1991 amendment to determine whether the catch-all provision applies to the instant case.

As previously stated, a § 1981 claim against a state actor must be brought

6

under § 1983. *Butts*, 222 F.3d at 892-894. Therefore, Palmer has no cause of action under § 1981, except against Ray in her individual capacity. Unlike § 1981, § 1983 has not been amended after December 1, 1990, and we apply the statute of limitations given by state law, which, in Georgia, is two years for all § 1983 claims. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Therefore, with the exception of the dismissal of the § 1981 claim against Ray in her individual capacity, we affirm the dismissal of the claims related to the pay disparity as time-barred.

Second, Palmer argues that the district court erred in denying her discriminatory discharge claim because she established that the appellees' proffered reason for her termination–that Palmer wrote unauthorized checks to herself–was untrue and pretextual. Palmer argues that all checks presented to Ray for approval were unauthorized until Ray signed them, therefore the checks written to herself were like the hundreds of others previously written by her and presented to Ray for approval. Palmer's argument, while creative, does not render clearly erroneous the district court's factual finding that she failed to prove that her termination was motivated by race. Therefore, we affirm the district court's findings regarding Palmer's race discrimination claim.

Third, Palmer asserts that district court erred in denying her race-based and

FLSA retaliation claims because the record reflected that she complained to the SCSD board about being discriminated against in June 2003, and a week later she was terminated. She argues that the evidence also reflected that the appellees felt threatened by her complaints regarding overtime and racial discrimination, and her complaints made them angry. She argues, moreover, that her complaints clearly led to her termination, and she is entitled to relief. Temporal proximity may be evidence supporting a retaliation claim. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Here, however, the proximity does not conclusively prove retaliation in light of the other circumstances surrounding her termination. As discussed above, the reason Palmer was terminated was that she wrote unauthorized checks to herself; Palmer fails to establish that this reason is pretextual. Palmer fails to show that the district court was clearly erroneous in finding that her termination was not motivated by race-based or FLSA-related retaliation.

Fourth, Palmer asserts that Ray interfered with her employment rights. Palmer contends that Ray sought to terminate her without giving her an opportunity to address Ray's charges in a hearing or informing her that she did something wrong. Because Ray played an active role in her termination, she was liable for tortious interference. To establish a claim for tortious interference with

8

business relations under Georgia law, a plaintiff must show that the defendant: (1) acted improperly and without privilege; (2) acted purposely and with malice with the intent to injure; and (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff (4) for which the plaintiff suffered some financial injury. *Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1340 (11th Cir. 2004). Palmer's tortious interference claim fails the first prong. She has failed to demonstrate that Ray "acted improperly and without privilege." The district court found Ray had a reasonable good faith belief that Palmer had written two unauthorized checks to herself, and that Ray's recommendation to the SCSD that Palmer be terminated was fully authorized and lawful. Palmer's assertion that she did not have an opportunity to address Ray's accusations has no bearing on whether Ray committed tortious interference. Accordingly, we discern no error in the district court's finding that Palmer failed to prove her tortious interference with business relations claim.

Fifth, Palmer argues that the district court erred in denying her slander claim because Ray and SCSD falsely accused her of committing a criminal act, and the facts show that their stated reason for her termination was pretextual. She asserts that Ray and SCSD knew that she presented the checks before payroll and Ray saw the checks. "Slander or oral defamation consists in [i]mputing to another a crime

9

punishable by law." O.C.G.A. § 51-5-4(a)(1). "To make the defense of privilege complete, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." *Baskin v. Rogers*, 229 Ga. App. 250, 253, 493 S.E.2d 728, 731 (1997) (alterations and quotations omitted). Here, the district court found no pretext in Palmer's termination and that the statements regarding the reason for Palmer's termination were privileged. Additionally, Ray, acting within her authority, disclosed the check writing incidents to the school board based on her good faith belief and thus was privileged in making those statments. Palmer presents no compelling arguments and we find no reason to conclude that the district court's findings regarding the slander and defamation claims were erroneous.

Sixth, Palmer argues that she was entitled to relief on her procedural due process claim because the appellees' allegations regarding the reason for her termination were made public when they were placed in her personnel file, which is available for public inspection. Additionally, the allegations were stigmatizing, and she was not given an opportunity to clear her name. Section 1 of the Fourteenth Amendment "restrains the states[] from depriving any person of life, liberty, or property without due process of law." *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989). A public employee may demonstrate a

10

deprivation of a liberty interest without due process of law, by showing: (1) a false statement; (2) of a stigmatizing nature; (3) attending a governmental employee's discharge; (4) made public; (5) by the governmental employer; (6) without a meaningful opportunity for the employee to clear his name. *Id.* at 1042-1043. The presence of stigmatizing information in an employee's personnel file that is made public record by a state entity, pursuant to a statute or otherwise, constitutes sufficient publication to implicate the liberty interest under the due process clause. *Id.* at 1045-1046. Georgia's Open Records Act provides: "All public records of an agency[,] . . . except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of [Georgia] . . . ." O.C.G.A. § 50-18-70(b). However, "records and information held by the Department of Labor could be misused." O.C.G.A. § 34-8-120(b). "Any information or records concerning an individual or employing unit obtained by the department pursuant to the administration of [the Employment Security Law] . . . shall be private and confidential . . . ." O.C.G.A. § 34-8-121(a).

The district court found that Palmer failed to prove that SCSD ever made public their charge that she had written unauthorized checks to herself. Indeed, the only evidence produced by Palmer that stated the reason for her termination was

11

the Department of Labor Separation Notice completed by Ray. Given the exemption of Georgia's Department of Labor records from Georgia's Open Records Act, the district court did not err in its finding that SCSD did not make public its reason for Palmer's termination.

Seventh, Palmer asserts that the district court erroneously omitted from its overtime calculation her personal and sick leave hours. She contends that the FLSA requires that employees receive overtime for working more than 40 hours per week, and her leave time was paid and should have been included. She asserts that the court should have awarded her an additional $338.63, and she should receive an equal amount in liquidated damages.

"Congress enacted the FLSA in 1938 to guarantee either regular or overtime compensation for all *actual* work or employment." *Dade County, Fla. v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997) (quotations omitted) (emphasis added). "The FLSA generally requires employers to pay overtime for 'employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which [the employee] is employed.'" *Id.* (quoting 29 U.S.C. § 207(a)(1)). "Generally, courts have construed work to mean all activities controlled or required by the employer and pursued necessarily and primarily for the benefit of his employer and his business." *Dade County*, 124 F.3d at 1384 (quotations omitted).

12

Palmer presents no evidence that her personal or sick leave satisfies this construction of "work." Therefore, the district court properly reduced the total hours worked in a given week by the number of hours Palmer was on leave.

Finally, Palmer argues that the district court erroneously found that the SCSD did not willfully violate the FLSA. She asserts that the record establishes that the SCSD admitted that it owed back overtime pay to employees, was advised by its attorney to pay back overtime, but still refused to pay her back overtime in May 2003. As a result, the SCSD should have been ordered to pay three years of back overtime instead of two.

To establish a willful violation the FLSA, Palmer must show that the SCSD either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988). The district court was not clearly erroneous in its finding that the appellees did not willfully violate the FLSA, because the evidence suggests that SCSD brought the issue of overtime pay to Palmer's attention.

In sum, we affirm in part and vacate and remand in part. We vacate the district court's dismissal of Palmer's claim of disparate pay in violation of § 1981 against Ray in her individual capacity, and remand the issue of whether her claims

13

of disparate pay are time-barred for further consideration consistent with this opinion.  We affirm the district court in all other respects.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**