[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2008
THOMAS K. KAHN
CLERK

No. 07-12349

D. C. Docket No. 06-00233-CV-HS-S

BRUCE BAKER,

Plaintiff-Appellant,

versus

BIRMINGHAM BOARD OF EDUCATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(June 25, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER, * District
Judge.

DUBINA, Circuit Judge:

---

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Appellant Bruce Baker ("Baker") appeals the district court's grant of summary judgment in favor of the Birmingham Board of Education (the "Board"), dismissing his 42 U.S.C. § 1983 complaint alleging violations of 42 U.S.C. § 1981 as barred by the statute of limitations.

## I. BACKGROUND

Baker filed his complaint in January 2006, approximately two and a half years after he was terminated from his position as a physical education teacher in an elementary school. Baker's complaint alleged that the Board violated his rights under 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, by: 1) discriminating against him because of his race; and 2) retaliating against him for activities protected by § 1981. After the close of discovery, the Board filed a motion for summary judgment, arguing that 1) Baker's claims were time-barred; 2) the Board presented legitimate, non-discriminatory reasons for Baker's termination; and 3) the Board could not be held liable for the alleged violations. The district court found that the two-year § 1983 statute of limitations applied to Baker's claims and granted the motion.

## II. STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court, and viewing all

2

facts and reasonable inferences in the light most favorable to the nonmoving party." *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)) "We review *de novo* the district court's interpretation and application of the statute of limitations." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003).

## III. DISCUSSION

Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983. *Butts v. County of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000). "[T]he two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). However, a four-year statute of limitations applies to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). In this case, Baker's § 1981 claims were made possible by the 1991 amendments to § 1981; thus, those claims arise under a post-1990 enactment. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004).

3

The question we now face is which statute of limitations applies to Baker's claims: the two-year statute of limitations for § 1983 actions or the four-year statute of limitations for § 1981 actions. The district court determined that the two-year § 1983 statute of limitations applied and dismissed Baker's claims as untimely. We disagree.

No circuit court of appeals has addressed this issue in a published opinion.[1] In *Palmer v. Stewart County School District*, 178 Fed. Appx. 999, 1003 (11th Cir. 2006), we concluded that the two-year § 1983 statute of limitations applied to the plaintiff's § 1981 claims. However, because *Palmer* is an unpublished decision, it is not binding precedent. *See Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2. The district courts that have addressed the issue have come to opposite conclusions. *See, e.g.*, *Williams v. Hawkeye Cmty. College*, 494 F. Supp. 2d 1032, 1039-42 (N.D. Iowa 2007) (concluding that the four-year § 1981 statute of limitations applied to § 1981 claims brought under § 1983); *Knox v. City of Monroe*, — F. Supp. 2d —, 2008 WL 679029, *6 (W.D. La. 2008) (same). *But see Bryant v. Jones*, 464 F. Supp. 2d 1273, 1290-92 (N.D. Ga. 2006) (concluding that the two-year § 1983

---

[1] In *Harmon v. Patrolman's Benevolent Association of the City of New York*, 199 Fed. Appx. 46, 48 (2d Cir. 2006), the Second Circuit noted that "the applicable statute of limitations on section 1983 claims is . . . 4 years, if the claims are set forth under 28 U.S.C. § 1658(a)."

statute of limitations applied to § 1981 claims brought under § 1983); *Blackledge v. Ala. Dept. of Mental Health & Mental Retardation*, No. 2:06cv321-ID, 2007 WL 3124452, at *10 (M.D. Ala. Oct. 25, 2007) (same).

In *Jones*, 541 U.S. 369, 124 S. Ct. 1836, the Supreme Court applied a broad interpretation of 28 U.S.C. § 1658. The Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Id*. at 382, 124 S. Ct. at 1845. The Court expressly rejected "an interpretation as narrow as that endorsed by the Courts of Appeals, under which 'arising under' means something akin to 'based solely upon.'" *Id*. at 383, 124 S. Ct. at 1845. Such an interpretation would improperly restrict § 1658 "to cases in which the plaintiff's cause of action is based solely on a post-1990 statute that establishes a new cause of action without reference to preexisting law." *Id*. at 381, 124 S. Ct. at 1844 (citation and quotation omitted).

In this case, Baker's claims arise under a post-1990 Act of Congress. Were it not for the 1991 Act, Baker's complaint would fail to state a claim under § 1983. To construe 28 U.S.C. § 1658 in the way advocated by the Appellees would be inconsistent with the Supreme Court's interpretation of that statute as set forth in

*Jones*.  Baker's claims against the Board were "made possible by a post-1990 enactment" and "therefore [are] governed by § 1658's 4-year statute of limitations."[2]  *Id.* at 382.

## IV. CONCLUSION

The district court erred in applying the two-year § 1983 statute of limitations.   The statute of limitations applicable to Baker's claims is 4 years, pursuant to 28 U.S.C. § 1658. We therefore reverse the district court's grant of summary judgment and remand the case for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

[2]We find the following language from *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 125 S. Ct. 1453 (2005), instructive:

> The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts.  On this basis, the applicable limitations period for respondent's § 1983 action would presumably be one year.  It may be, however, that this limitations period does not apply to respondent's § 1983 claim.  In 1990, Congress enacted 28 U.S.C. § 1658(a), which provides a 4-year, catchall limitations period applicable to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990.  In [Jones, 541 U.S. 369], we held that this 4-year limitations period applies to all claims "made possible by a post-1990 [congressional] enactment."  Since the claim here rests upon violation of [a post-1990 congressional enactment], § 1658 would seem to apply.

*Id.* at 123 n.5, 125 S. Ct. at 1460 n.5 (citations omitted).