[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14786

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00202-RDP

EMMA MOORE,
GREGORY FITTS,

Plaintiffs - Appellants,

versus

MIKE HALE,
in his individual capacity and
in his official capacity as Sheriff
of Jefferson County,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 19, 2012)

Before BARKETT and HULL, Circuit Judges, and HUNT,* District Judge.

PER CURIAM:

_____

   * Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

Police officers Emma Moore and Gregory Fitts, a black female and black male, respectively, (collectively, "Plaintiffs"), appeal an adverse summary judgment issued in favor of Mike Hale, the Sheriff of Jefferson County, Alabama, on their claim that Hale violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 when he denied them promotions from sergeant to lieutenant twice and later disciplined Fitts, actions which they claimed were the result of race and sex discrimination.[1]  See 42 U.S.C. § 2000e-2(a), 3(a).  Moore's and Fitts' claims on appeal relate to three events: Hale denying them promotions from sergeant to lieutenant in 2004 and again in 2005 and Hale disciplining Fitts in 2007.

Having reviewed this record, and considered the oral argument of counsel, we do not find reversible error in the rulings of the district court that: (1) the Plaintiffs' Title VII claims regarding the denial of promotions in 2004 were untimely because Plaintiffs failed to prove prior to summary judgment that their complaint was filed within the requisite 90-day period; (2) the Plaintiffs' 42 U.S.C. § 1983 claims regarding the 2004 and 2005 denial of promotions must be dismissed because, regardless of whether a two-year or four-year statute of

___

[1] 42 U.S.C. § 1983 provides the exclusive vehicle for the Plaintiffs to bring their claims that a state actor, Hale, discriminated against them in violation of 42 U.S.C. § 1981.  See Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008).

limitations applied, Hale was entitled to qualified immunity;[2] and (3) Fitts' Title

VII and § 1983 claims of discrimination based on a reprimand in 2007 must be

dismissed because Fitts failed to adequately rebut the legitimate reason presented

by Hale for the reprimand.

**AFFIRMED.**

---

[2] Plaintiffs also claim that Hale is not immune from their demands for equitable relief. However, the Plaintiffs fail to explain why they are even eligible for equitable relief.