[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  11-15655
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-00890-JDW-AEP


JOHN EVERETT PETTWAY,

Plaintiff-Appellant,

versus

BERNIE MCCABE,
State Attorney, Sixth Judicial Circuit,
Pasco County, Florida,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 26, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

John Pettway, a state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Pettway alleged in his complaint that Bernie McCabe, State Attorney for Florida's Sixth Judicial Circuit, violated his constitutional rights by refusing to conduct DNA testing on certain evidence from the scene of the crime for which he was convicted. On appeal, Mr. Pettway contends that the district court erred in concluding that his complaint was time-barred and failed to state a claim. Mr. Pettway also argues that the district court erred in denying his motion for reconsideration. We disagree, and affirm.

We review a district court's interpretation and application of the statute of limitations *de novo*. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008). Dismissal is appropriate if the face of the complaint indicates beyond a doubt that the action is time-barred. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003). Mr. Pettway's § 1983 complaint is subject to Florida's four-year statute of limitations for personal injury actions, which begins to run at "the end of the state litigation in which [Mr. Pettway] unsuccessfully sought access to the evidence." *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011).

In 2005, Mr. Pettway filed a state-court motion pursuant to Florida Rule of Criminal Procedure 3.853 to access DNA evidence. The Florida appellate court affirmed the denial of that motion, and the U.S. Supreme Court denied certiorari in

2

October 2006. *See Pettway v. Florida*, 926 So. 2d 1283 (Fla. 2d DCA) (mem.), *cert. denied,* 549 U.S. 892 (2006) (mem.). Consequently, the statute of limitations began to run no later than October 2006 (the end of the state court litigation), and Mr. Pettway had until October 2010 to file his § 1983 claim. Because he did not file suit until April 2011, the district court did not err in concluding that his claim was time-barred. In light of this conclusion, we do not address Mr. Pettway's substantive arguments.

The district court also did not err in denying Mr. Pettway's motion to reconsider. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original). On appeal, Mr. Pettway argues that the statute of limitations did not begin to run until the Supreme Court decided *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–99 (2011), which held that DNA-access cases were cognizable under § 1983. His argument might have merit had we not allowed these claims prior to *Skinner*. On the contrary, this circuit was among the few that allowed DNA-access claims under § 1983 prior to *Skinner*. *See id.* at 1293. *Skinner* merely reaffirmed a right that existed in this circuit since 2002. *See Bradley v. Pryor*, 305 F.3d 1287, 1290–91 (11th Cir. 2002). We therefore reject Mr. Pettway's argument, and conclude that the statute of limitations bars his claim.

**AFFIRMED.**