[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14914
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-00051-MTT

VICTOR MCPHIE,

Plaintiff-Appellant,

versus

MIKE YEAGER,
in his individual capacity,
TONY BROWN,
in his individual capacity,
LENN WOOD,
in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2020)

Before GRANT, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Victor McPhie appeals the district court's grant of summary judgment in favor of Mike Yeager, Tony Brown, and Lenn Wood (collectively, "Coweta defendants") on McPhie's race discrimination and conspiracy claims, brought under 42 U.S.C. §§ 1981, 1983, 1985(3).  On appeal, McPhie argues that the district court: (1) erred in granting summary judgment to the Coweta defendants on his race discrimination claim because he identified similarly situated individuals they treated more favorably and he sufficiently showed that their reasons for transferring him were pretextual; (2) erred in applying qualified immunity to the Coweta defendants because they had an independent personal stake in violating his constitutional rights; and (3) erred in granting summary judgment to the Coweta defendants on his conspiracy claim because the independent personal stake exception to the intra-corporate conspiracy doctrine applied.  After careful review, we affirm.[1]

We review the grant of summary judgment de novo.  Hallmark Developers, Inc. v. Fulton Cty., 466 F.3d 1276, 1283 (11th Cir. 2006).  Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding whether a genuine dispute of material fact exists that defeats summary judgment, courts will believe the evidence of the non-movant and draw all justifiable

---

[1] As the district court noted, McPhie abandoned his hostile work environment and intentional infliction of emotional distress claims below by not addressing them in his response to the motion for summary judgment, and McPhie does not challenge that determination on appeal.

2

inferences in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Generally, we do not consider an issue not raised in the district court, and raised for the first time on appeal, since the district court never had a chance to examine it.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

First, we are unpersuaded by McPhie's claim that the district court erred in granting summary judgment to the Coweta defendants on his race discrimination claim.  Employees are protected against racial discrimination under 42 U.S.C. §§ 1981, 1983.  See 42 U.S.C. §§ 1981(a), 1983.  Claims against state actors or allegations of § 1981 violations must be brought under § 1983.  Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008).

In analyzing disparate treatment claims supported by circumstantial evidence, we generally use the framework of McDonnell Douglas.  Burke-Fowler v. Orange Cty., 447 F.3d 1319, 1323 (11th Cir. 2006).  Under that framework, a plaintiff initially establishes a prima facie case of disparate treatment by showing that: (1) he was a member of a protected class; (2) his employer subjected him to an adverse employment action; (3) it treated him less favorably than others similarly situated outside his protected class; and (4) he was qualified for the job.  Id.  If he makes a prima facie case, the burden of production shifts to the employer to give a legitimate, non-discriminatory reason for its actions.  Lewis v. City of Union City, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc).  If the employer meets its burden, the plaintiff

3

must then prove that the employer's reason is a pretext for illegal discrimination, an obligation that merges with the plaintiff's ultimate burden of persuasion. Id.

To make a valid comparison, the plaintiff must show that the employer treated similarly situated individuals outside his protected class more favorably. Id. The comparator's misconduct must be similar in all material respects. Id. at 1226. A similarly situated comparator will have engaged in the same basic misconduct as the plaintiff, will have been subject to the same employment policy, will ordinarily have been under the same supervisor, and will share the plaintiff's employment or disciplinary history. Id. at 1227-28. In other words, the plaintiff and his comparators must be sufficiently similar that they cannot be reasonably distinguished. Id.

To show pretext, the plaintiff must identify weaknesses, inconsistencies, or contradictions in the employer's articulated legitimate reasons for its action so that a reasonable factfinder would find them unworthy of credence. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1265 (11th Cir. 2010). The plaintiff cannot recast an employer's articulated non-discriminatory reasons or substitute his business judgment for that of the employer's. Id. The plaintiff must meet a proffered reason that might motivate a reasonable employer head on and rebut it, and cannot simply quarrel with the wisdom of the reason. Id. at 1265-66. The pretext inquiry focuses on the employer's beliefs, not the employee's. Id. at 1266. Federal courts are not super-personnel departments, and the wisdom of an employer's business

4

decision is irrelevant if it was not made with a discriminatory motive. Id. A reason cannot be pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. Brooks v. Cty. Comm'n of Jefferson Cty., 446 F.3d 1160, 1163 (11th Cir. 2006). Nepotism as a basis for employment decisions without discriminatory intent does not constitute discrimination. Platner v. Cash & Thomas Contractors, Inc., 908 F.2d 902, 905 (11th Cir. 1990).

A plaintiff can also survive summary judgment by presenting a convincing mosaic of circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent. Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1255 (11th Cir. 2012). A plaintiff may use non-comparison circumstantial evidence to raise a reasonable inference of intentional discrimination and thereby create a triable issue. Id. If the circumstantial evidence is sufficient to raise a reasonable inference that the employer discriminated against the plaintiff, the plaintiff has presented a prima facie case. Id. at 1256.

Here, the district court correctly granted summary judgment in favor of the Coweta defendants on McPhie's disparate treatment claim. For starters, McPhie failed to establish a prima facie case of race discrimination because his identified comparators were not similarly situated in all material respects. See Lewis, 918 F.3d at 1221, 1226. As the record reveals, McPhie was transferred from his supervisory position in the Crime Suppression Unit ("CSU") to a non-supervisory position in the

5

Crime Investigations Division ("CID"), both units in the Investigations Division, without any change in pay or benefits for two reasons.  First, he was transferred because of trust issues between McPhie and his direct supervisor, Tony Brown, concerning the use of a confidential informant, and second, he was transferred because of an investigation into a complaint from Nathan Ross, one of McPhie's subordinates, about how McPhie assigned cases as a supervisor.  Notably, however, McPhie's specific identified comparators outside his protected class all failed as valid comparators because they had materially different circumstances and conduct from McPhie's.  See Lewis, 918 F.3d at 1227-28.  As McPhie concedes, the alleged misconduct of his comparators -- including Kevin Keeble, Dave Fischer, Clint Reynolds, John LaChance, and Corey Mauldin -- all was different from his own and most of it occurred while they were off duty.

McPhie argues, nevertheless, that his identified comparators were similarly situated because they were subjected to the same personnel policies, their conduct was more egregious than his own, and they were all under the disciplinary authority of Mike Yeager, the Sheriff of Coweta County.  But while Yeager had the ultimate disciplinary authority over them all, he was not their direct supervisor and he delegated that supervision because of the large size of the Sheriff's Office.  Further, the fact that the misconduct of McPhie's identified comparators was serious does not make their misconduct similar to McPhie's, especially since it was reasonably

6

distinguishable from his.  See Lewis, 918 F.3d at 1227-28.  Thus, McPhie failed to show that his identified comparators were similarly situated in all material respects.

Moreover, McPhie did not show that the Coweta defendants' legitimate, non-discriminatory reasons for his transfer were pretextual.  See Burke-Fowler, 447 F.3d at 1323.  McPhie relied on an after-the-fact investigation by Patricia Palmer, Human Resources Director for Coweta County.  However, while Palmer's report questioned the wisdom of the Coweta defendants' decision to transfer McPhie, the report did not suggest that the reasons were false and that discrimination was the real reason for his transfer.  See Alvarez, 610 F.3d at 1265-66; Brooks, 446 F.3d at 1163.  Instead, Palmer concluded that Ross's complaint about McPhie did not seem to justify his transfer to the CID, but she did not say that basis was false.  She also expressly noted that McPhie's transfer was not based on his race or ethnicity.

Further, Palmer's investigation focused on Ross's complaint and not on the additional reason for his transfer -- that he had trust issues with his supervisor, Brown, about confidential informants.  And to the extent Palmer's report was concerned about nepotism in hiring McPhie's replacement, even if it was present, that does not amount to racial discrimination.  See Platner, 908 F.2d at 905.  In any event, McPhie cannot use Palmer's report as a substitute for the Coweta defendants' business judgment and to quarrel with the wisdom of their transfer decision.  See Alvarez, 610 F.3d at 1265-66.  Without something more, McPhie failed to show that

7

the Coweta defendants' reasons for the transfer -- Ross's complaint and Brown's trust issues -- were false and that the real reason was discrimination.

McPhie also failed to show a convincing mosaic of circumstantial evidence that would create an inference of discrimination, even assuming he preserved this issue for appeal. As for using Palmer's report as non-comparison circumstantial evidence, her report does not raise a reasonable inference of discrimination. Chapter 7 Tr., 683 F.3d at 1255-56. Palmer's report scrutinized the investigation by Lenn Wood into McPhie's conduct and the transfer decision, but the record showed it was not uncommon for Wood to perform this type of investigation and there was no reasonable inference of discrimination based on the interviewees Wood chose. Further, while Palmer's report questioned some of the decisions made, her findings pointed to nepotism and not racial discrimination, and nepotism is not actionable. See Platner, 908 F.2d at 905. Nor does McPhie's evidence about his comparators give rise to a convincing mosaic of discrimination -- both Clint Reynolds, a Caucasian deputy, and Brandon Harris, an African American deputy, left their positions after domestic violence. As for his reliance on derogatory remarks, McPhie retracted in his deposition his claim that Brown had used one, and Palmer found no history of derogatory remarks. On this record, McPhie's circumstantial evidence is not sufficient to raise a reasonable inference that the Coweta defendants discriminated against him based on his race. See Chapter 7 Tr., 683 F.3d at 1256.

8

In short, McPhie failed to show that a reasonable jury would find the Coweta defendants' legitimate, non-discriminatory reasons for transferring him to be pretextual, and we affirm the grant of summary judgment on his race discrimination claim. See Alvarez, 610 F.3d at 1265.

We also find no merit to McPhie's claim that the district court erred in granting summary judgment to the Coweta defendants on his conspiracy claim. To establish a § 1985(3) conspiracy claim, the plaintiff must show an agreement between two or more people to deprive him of his civil rights. 42 U.S.C. § 1985(3). Under the intra-corporate conspiracy doctrine, the acts of corporate agents are attributed to the corporation itself, which negates the multiplicity of actors necessary for the formation of a conspiracy. Grider v. City of Auburn, 618 F.3d 1240, 1261 (11th Cir. 2010). A corporation cannot conspire with its employees and its employees, when acting within the scope of their employment, cannot conspire among themselves. Id. An exception to the intra-corporate conspiracy doctrine arises where a corporate agent has an independent personal stake in achieving the corporation's illegal objective. Dickerson v. Alachua Cty. Comm'n, 200 F.3d 761, 770 (11th Cir. 2000). However, we have not adopted this exception. See, e.g., id.

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him was incorrect. Sapuppo v. Allstate Floridian Ins. Co., 739

F.3d 678, 680 (11th Cir. 2014).  If an appellant fails to properly challenge one of the grounds on which the district court based its judgment, he abandons any challenge of that ground, and we will affirm the judgment.  Id.

Here, McPhie abandoned his conspiracy claim by not challenging all the multiple, independent grounds on which the district court based its grant of summary judgment.  See id.  Specifically, McPhie has not challenged the district court's rejection of his conspiracy claim based on his failure to allege that he was deprived of a constitutional right and to produce any evidence of this deprivation.  Further, he does not argue that the district court erred in determining that his conspiracy claim was barred by the intra-corporate conspiracy doctrine.  Instead, all McPhie argues on appeal is that the independent personal stake exception to the intra-corporate conspiracy doctrine applies.  Therefore, we summarily affirm the district court's judgment because McPhie failed to challenge all the court's alternative rulings.  See id.  Finally, because we need not reach the issue, we decline to address the district court's alternative conclusion that the Coweta defendants were entitled to qualified immunity.

**AFFIRMED**.