NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12499

Non-Argument Calendar

_____

LARRY CLARK, SR.,

*Plaintiff-Appellant,*

*versus*

LC HALSTEN LLC,
   d.b.a. The Halsten At Vinings Mountain,

BH MANAGEMENT SERVICES LLC,

CASTLEGATE PROPERTY GROUP,

3000 CUMBERLAND CLUB DRIVE LP,
   d.b.a. The Halsten At Vinings Mountains,

DAVID R. PASSINO,
   Individual and Personal Capacity,

JUDGE MICHAEL MCLAUGHLIN,
   Cobb County Magistrate Judge, in his Official Capacity,

JUDGE DAVID P. DARDEN,
   Cobb County State Court Judge, in his Official Capacity,

JUDGE ERIC R. BREWTON,
   Cobb County State Court Judge,

99 OTHER UNKNOWN PRIVATE DEFENDANTS
AND THEIR INSURERS,
THE UNKNOWN SUCCESSOR JUDGES TO COBB
COUNTY MAGISTRATE JUDGE MICHAEL MCLAUGHLIN,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03620-TCB

————————————

Before ABUDU, ANDERSON, ED CARNES, Circuit Judges.

PER CURIAM:

This lawsuit arose from a long-running rent dispute between the multiple owners of an apartment complex and longtime tenant Larry Clark, Sr. Over the years, the apartment complex underwent several changes in ownership. Unsurprisingly, changes in ownership brought changes in rent and water rates. When Clark failed to pay the new rent amount or water bill in full, the apartment owners brought eviction proceedings against him in state court.

More than one of those eviction proceedings resulted in the state court judge issuing an order that required Clark to pay past due rent into the Registry of the Court. When Clark's efforts to seek relief in state court from those orders failed, he filed a complaint in state court, bringing claims of race discrimination, alleg-

ing other various constitutional and state law violations, and seeking injunctive relief to bar the enforcement of the state court orders. He named as defendants: the judges who had issued orders for him to pay rent or refused to grant relief from those orders; an apartment owner's attorney; the former apartment owners; and the current owner. The defendants removed the case to federal district court. And the court granted judgment on the pleadings in favor of the former apartment owner defendants and dismissed the remaining claims against all other defendants on various grounds.[1]

Clark, who continues to proceed *pro se* as he did in the district court, appeals those judgments along with the denial of his motion for leave to amend his complaint and motion for preliminary injunction. He does not prevail.

## I.

David Passino, the attorney who represented the apartment complex management companies in the state court proceedings, is one of the many named defendants in this case. Clark alleges that Passino "acted under color of the law" along with a state court judge and other named defendants to deny him "equal protection of the laws and the right to a fair and impartial trial, because of [his] race and age." Before the district court, Passino filed a motion to

---

[1] The district court declined to exercise supplemental jurisdiction over the remaining state-law claims and remanded the case to state court. In his initial brief, Clark does not challenge that decision and thus has forfeited any challenge to it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

dismiss the claims against him, which the court granted based on its *sue sponte* finding that those claims were barred under the doctrine of *res judicata*. The court applied the doctrine because Clark had previously "filed a nearly identical case in th[e] [district] [c]ourt, docketed as 1:22-cv-1770 (the 1770 action)," in which the court had dismissed Passino based on Clark's failure to comply with the court's discovery orders. Clark argues that *res judicata* does not apply here because his claims against Passino in the previous case were not resolved on the merits.

He's right about that. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). For this doctrine to apply, one of the requirements is "a final judgment on the merits." *Id.* Rule 41 of the Federal Rules of Civil Procedure states that a dismissal for failure to prosecute "or to comply with these rules or a court order," "[u]nless the dismissal order states otherwise, . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). In Clark's 1770 action, the final judgment stated otherwise, dismissing that case "without prejudice." Therefore, the 1770 dismissal did not operate as an adjudication on the merits; and *res judicata* could not apply.

But we review *de novo* a district court's grant of a motion to dismiss. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005). And we "may affirm the judgment of the district court on any ground supported by the record, regardless of whether that

ground was relied upon or even considered by the district court." *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

While we construe *pro se* filings liberally, those filings must still comport with the procedural rules governing pleadings. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain[] a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]").

Regardless of Clark's challenges to the district court's dismissal of the claims against Passino on *res judicata* grounds, neither the original complaint nor the proposed amended complaint states a cognizable claim against him. For the same reasons discussed later in this opinion in regard to other defendants, *see infra* at 8–11, Passino is not a state actor. Clark failed to plead sufficient facts to state a claim for relief against Passino. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quotation marks and citation omitted).

Therefore, we affirm the district court's judgment as to Passino on the ground that Clark failed to state a claim against him for which relief can be granted, which is "a ground supported by the record," *Kernel Recs. Oy*, 694 F.3d at 1309.

## II.

Clark also named as a defendant Cobb County State Court Judge Eric Brewton. He claimed that Judge Brewton presided over a state court eviction action against him and issued an "illegal and wrongful" order for Clark to deposit rent payment amounts into the registry of the Cobb County State Court while the case was pending.  The complaint appears to allege that Judge Brewton issued that order based on Clark's race and with the intent to deny him various constitutional rights.  The district court dismissed Clark's claims against Judge Brewton for failure to state a claim for which relief can be granted and denied Clark's motion to amend his complaint on the basis that amendment was futile.  Clark takes issue with both decisions.

Clark contends that the district court erroneously relied on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because it's factually distinguishable from his case.  He asserts that Judge Brewton proceeded "in the [state eviction] case without subject matter jurisdiction and he too denied [Clark] a fair and impartial trial" and therefore "has no immunity from being sued."  And he argues that in his "three years" of litigation, the district court "has never . . . allowed [him] the right to amend his complaint in regards to his federal claims."

The district court did not err in relying on the familiar "Twiqbal" requirements when it concluded that Clark's complaint failed to meet federal pleading standards. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a

23-12499                Opinion of the Court                7

complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (brackets and citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 570 (2007)).

As the district court stated, Clark's allegations consist of "legal conclusions" and "allegations that fail to specify which [d]efendant they apply to." None of the allegations against Judge Brewton "is sufficient to state a claim that Judge Brewton violated Clark's constitutional rights or interfered with Clark's property rights because of Clark's race." The district court did not err in dismissing Clark's claims against Judge Brewton for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

And Clark's proposed amended complaint would have done nothing to cure his original complaint's pleading deficiencies. Because we agree with the district court that amendment would have been futile, the district court did not err in denying Clark leave to amend the complaint. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (explaining that we review *de novo* whether amendment of a complaint would be futile); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("Grant of leave to amend is within the trial court's discretion and denial is reviewed for abuse of discretion."); *id.* at 1320 ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quotation marks omitted).

The district court did not err in dismissing Clark's claims against Judge Brewton, nor did it abuse its discretion in denying him leave to amend his complaint.[2]

## III.

Clark contends that the district court erred in granting judgment on the pleadings on the claims he asserted under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 3604 in favor of the former apartment management companies, BH Management, Castlegate, and 3000 Cumberland Club (collectively corporate defendants), based on the fact that these defendants are not state actors.[3]

We review *de novo* an order granting judgment on the pleadings. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 12(c) ("After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."). As with a motion to dismiss, we accept as true the facts alleged in the complaint and view the facts in the light most favorable to the non-movant. *See Samara*, 38 F.4th at 149, 152 ("A motion for judgment on the pleadings is governed by the same standard as a motion to

---

[2] We decline to reach the issue of whether Judge Brewton is entitled to immunity.

[3] Of these three defendants, only BH Management filed a response brief.

dismiss under Rule 12(b)(6).") (citation omitted).  The district court did not err in granting judgment on the pleadings on any of Clark's federal claims in favor of the corporate defendants.

### A.    42 U.S.C. § 1983

Clark asserts that he named judges as defendants and has always maintained that "the private parties obtained the help of the judges to obtain[] several illegal void judgments issued against [him] . . . to violate [his] federal constitutional rights." Therefore, he contends that the district court erred in granting judgment on the pleadings in favor of these private-party defendants based on its finding that they are not state actors.

Section 1983 provides private citizens a cause of action against persons who violate their constitutional rights while acting "under color" of state law. 42 U.S.C. § 1983.  A defendant need not be an officer of the state to "act under color of state law for [§] 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (quotation marks omitted); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A private party acts under color of law if "he is a willful participant in joint action with the State or its agents." *Harvey*, 949 F.2d at 1133 (quotation marks omitted).  But to show that defendants are subject to this conspiratorial form of § 1983 liability, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Id.* (explaining that a complaint that "merely string[s] together the discrete steps of the commitment process, without showing contacts between the [defendants]" fails to show

that "private and alleged state actors ha[ve] reached an understanding to violate [the plaintiff's] rights") (quotation marks omitted).

For example, § 1983's "color of state law" element may be satisfied by showing that a private party's bribery of a judge influenced the judge's official act, making that official act a "product of a corrupt conspiracy" between the private party and the judge. *Dennis*, 449 U.S. at 27–28; *see also id*. at 27 (explaining that while judicial immunity may require the "dismissal of the § 1983 action against the judge" who conspired with the private parties, "[i]t does not follow . . . that the action against the private parties accused of conspiring with the judge must also be dismissed").

Both the original complaint and the proposed amended complaint include only conclusory statements alleging that the parties "acted in concert" to deprive him "of the rights secured to him by the . . . Constitution."  Clark failed to plead more than "labels and conclusions," *Bell Atl. Corp*, 550 U.S. at 555, to show that the corporate defendants and the named judges had a conspiratorial "relationship" or the "nature of the conspiracy between" them. *Harvey*, 949 F.2d at 1133. His complaint therefore failed to satisfy the requisite element of action "under color" of law to establish a claim for § 1983 liability against these defendants.

That Clark is not happy to be on the losing side of a lawsuit does not mean the judge and opposing parties conspired to deny him equal protection of the law. *See Dennis*, 449 U.S. at 28 ("Of course, merely resorting to the courts and being on the winning

side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

B.    The Remaining Federal Claims: 42 U.S.C. §§ 1981, 1982, 1985(3), and 3604

As to Clark's remaining federal claims against the corporate defendants, we agree with the district court's conclusion that Clark "fails to meet the pleading requirements" for them, too.  It appears that Clark limits his appeal of the judgment in favor of the corporate defendants on his remaining federal claims to the defendants' actions related to a "2011 Lease Contract."  He contends that the "face of the 2011 Lease Agreement alone confirms that it's a Nullity," and therefore, "all proceedings" filed against him and judgments related to that contract "are a nullity" and violate his federal rights.

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. *See* 42 U.S.C. § 1981; *see also Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) ("Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983.").  Section 1982 provides that all citizens "shall have the same right" as white citizens "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.  And § 3604 prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in

connection therewith, because of race, color, religion, sex, familial status, or national origin." *Id.* § 3604(b).

We agree with the district court that neither the complaint nor the proposed amended complaint provides any non-conclusory allegations that the corporate defendants made decisions related to Clark based on his race. The district court did not err in granting judgment on the pleadings in favor of the corporate defendants.

As for Clark's claim pursuant to § 1985(3), it fails pleading standards too. Neither the complaint nor the proposed amended complaint alleges sufficient factual allegations showing that the corporate defendants conspired to deprive Clark of the equal protection of the laws or of equal privileges and immunities under the law based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."); *see* 42 U.S.C. § 1985(3) (providing private right of action against conspirators who aim to deprive another person "of the equal protection of the laws, or of equal privileges and immunities under the laws"); *see also supra* at 9–11 (concluding that the allegations fail to establish a viable claim under § 1983).

The district court did not err in granting judgment on the pleadings in favor of the corporate defendants as to Clark's remaining federal claims.

**IV.**

Before the district court, Clark filed a motion for a preliminary injunction to enjoin enforcement of Cobb County State Court orders that required him to pay "double monthly fees," which in his view constituted an unconstitutional and fraudulent state court order to pay rent. The court denied the motion to the extent that it relied on Clark's federal claims against Judge Brewton and the corporate defendants, concluding that it was "unable to succeed on the merits" on all those claims. The court added that it was "unsure as to what injunctive relief could be ordered against" the corporate defendants because those defendants "no longer own the apartments that Clark resides in and are not pursuing eviction actions against" him.

Clark contends that the district court erred in denying his motion for a preliminary injunction based on its conclusion that the motion would be unable to succeed on the merits. To support his stance, he points to several paragraphs of his motion. And he contends that his motion "listed each of the pending dispossessory filed proceedings" and therefore, the court "should [have] issued a stay for" his pending Cobb State action. And he argues that "an injunction should have been issued for the pending Cobb County proceedings filed by Castlegate, and/or by 3000 Cumberland Club . . . because the Court for their proceedings has no rem jurisdiction and/or subject matter jurisdiction."

We review for abuse of discretion the denial of a preliminary injunction. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir.

2010).  But we review *de novo* the district court's legal conclusions and its findings of fact for only clear error.  *Id.*  A preliminary injunction is "an extraordinary and drastic remedy," so "its grant is the exception rather than the rule, and [a] plaintiff must clearly carry the burden of persuasion."  *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (quotation marks omitted).

As discussed, *supra* Parts II–III, the district court correctly dismissed Clark's federal claims against Judge Brewton and the corporate defendants for failure to state a claim for which relief can be granted. It necessarily follows that Clark failed to show a "substantial likelihood of success on the merits" for any of those claims against those defendants. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see also id.* (listing the remaining requirements that a movant must show for a district court to grant injunctive relief: "irreparable injury will be suffered unless the injunction issues; [] the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and [] if issued, the injunction would not be adverse to the public interest").

The district court did not err.

## V.

Finally, Clark contends that the district court erred in finding that the current apartment owner, L.C. Halsten, LLC (Halsten), had not been served, and as a result, in denying Clark's motion for an injunction against it.  Clark argues that he filed a letter with the court proving that Halsten had been served on August 10, 2022.  He

also states that the letter provided proof of service upon Castlegate and 3000 Cumberland.

We review for abuse of discretion a *sua sponte* dismissal of a complaint for failure to serve under Fed. R. Civ. P. 4(m). *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We will "affirm unless we find that the district court has made a clear error of judgment" or that it "has applied the wrong legal standard." *Id.* (quotation marks omitted). "To obtain reversal of a district court judgment that is based on multiple, independent grounds," however, "an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo*, 739 F.3d at 680. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

As to Halsten, we need not reach the service of process issue because the district court alternatively found that Clark had not met his pleading burden with regard to his claims against Halsten. It dismissed Clark's federal claims against Halsten "on the same grounds that it . . . denied those claims as to the other landlord parties." And Clark did not address this alternative ground in his initial brief to this Court. Therefore, he abandoned any challenge to the court's judgment on that ground. *See id.*

And regardless, we agree with the district court that Clark failed to state a claim against Halsten for which relief can be granted for the same reasons discussed *supra* Parts II–III. Therefore,

the district court did not err in dismissing Clark's claims or in deny-ing Clark injunctive relief against Halsten.

**AFFIRMED.**[4]

---

[4] Clark named two other state court judges in his complaint, Judges Michael McLaughlin and David Darden. But the district court concluded that Clark failed to serve process upon those defendants and dismissed Clark's claims against them. Clark abandoned any challenge to the district court's finding that he failed to serve Judges McLaughlin and Darden by failing to brief that issue before this Court. *See Sapuppo*, 739 F.3d at 680.